## L. WILLIAMS v. THE STATE.

By placing the State's witnesses under the rule, the district attorney is not deprived of his right to confer with them in a proper manner.

APPEAL from Lamar. Tried below before the Hon. A. H. Latimer.

On the trial of the appellant for the murder of one Turner Hopgood, the witnesses on both sides having been placed under the rule, the district attorney asked permission of the court to confer with the witnesses for the State. Counsel for the prisoner objected, on the simple ground that the witnesses had been placed under the rule. The objection was overruled, and the permission granted; to which exceptions were reserved.

The verdict was murder in the first degree, with the penitentiary for life assessed as the penalty. There is no occasion to detail the facts attending the case. The parties were freedmen, and there was a "lady in the case," as usual.

No brief for the appellant.

*W. Alexander, Attorney General*, for the State.

WALKER, J.—No objection was taken to the charge of the court by the appellant or his counsel on the trial, and we find no such errors or misdirections as would entitle the appellant to a new trial under the first assignment for error.

In the second assignment it is clear that counsel have mistaken the law.

Placing the State's witnesses under the rule will not deprive the district attorney of the right to confer with them in a proper manner ; this is his privilege, and, moreover, may be regarded as his duty.

Nor is it any infraction of the law, breach of professional ethics, or cause of suspicion against the conduct of either the attorney or witness, that counsel should freely confer with their own witness both before and during the trial of any cause, civil or criminal. A witness should not be called from the stand while giving his evidence to be spoken to by counsel. This would be bad practice, and subject to great abuse ; but all honest and proper communications between counsel and witnesses is proper, and ought not to be discouraged or suppressed.

The evidence in this case is not conflicting, nor is it weakened by improbabilities ; and although not so voluminous as in some cases, we think it warranted no other verdict than that returned by the jury.

The judgment is therefore affirmed.

AFFIRMED.