### JIM JONES *v.* THE STATE.

1. PRACTICE. — The object of placing witnesses under the rule is, not to prevent counsel from communicating with them, but to prevent the testimony of one witness influencing that of another. The better practice, however, is for counsel to obtain leave of the court to speak to a witness who is under the rule.

2. SAME. — The Code expressly authorizes the court trying the cause to allow the introduction of testimony at any time before the conclusion of the argument, if necessary to the due administration of justice. Pasc. Dig., art. 3046.

3. MURDER — EXPRESS MALICE. — The *indicia* of express malice, as expounded in *McCoy* v. *The State*, 25 Texas, 33, held applicable in the case at bar.

APPEAL from the District Court of Fayette. Tried below before the Hon. L. W. MOORE.

The accused, the deceased, and all the witnesses of the homicide were colored people. It occurred at a dance given by Bob Hawkins on the night of December 24, 1875. One of the witnesses testified that the accused and Aaron Reynolds, the deceased, " had a dispute about a place in the dance, both claiming the floor ; that the prisoner struck the deceased, and then pulled out a pistol and shot him." There

was no fight. The accused made his escape at the time, and, it may be inferred, was not arrested until shortly before the trial.

The facts involved in the rulings are disclosed in the opinion.

*W. H. Ledbetter,* for the appellant, filed an able and earnest argument.

*George McCormick,* Assistant Attorney General, for the State.

Winkler, J. The appellant was indicted by the name of Willie Jones, for the murder of one Aaron Reynolds, which, it is alleged in the indictment, was committed in the county of Fayette on December 24, 1875.

A trial was had at the May term, 1877, when, as is shown by the transcript of the record, the accused, in his own proper person, suggested to the court that his name was Jim Jones, and, being duly arraigned, pleaded *not guilty.* The trial resulted in a verdict and judgment of guilty of murder in the first degree, and the imposition of the penalty of death by hanging. A motion for a new trial was made and overruled, and an appeal taken.

The transcript contains but a single bill of exceptions taken on the trial of the case, which, after stating the case, is as follows : " Be it remembered that on the trial of the above styled and numbered cause, the witnesses having been put under the rule, and after one of the witnesses for the prosecution, to wit, Bob Hawkins, had been examined in chief by the state, and after the testimony for the state and defendant had closed and the court had adjourned for dinner, on the reassembling of the court the state proposed to reintroduce the said witness, Bob Hawkins, and the counsel for the defendant objected to the said witness' tes-

timony, on the ground that the said witness, being still under the rule, during the adjournment of the court had been conversed with by the county attorney ; which fact was admitted by the county attorney, but the county attorney also stated to the court that he had not informed the witness Hawkins what any other witness had testified, or what he desired him, Hawkins, to testify when court should again assemble. The court overruled the objections of defendant and permitted the witness to testify ; to which ruling the defendant excepts,'' etc. ; which is signed by the judge and filed.

The object to be attained by placing witnesses under the rule seems to be to prevent one witness from being influenced by what another may testify to ; and, at common law, '' if the judge deems it essential to the discovery of truth that the witnesses should be *examined out of the hearing of each other,* he will so order it. * * * The course in such a case is either to require the names of the witnesses to be stated by the counsel of the respective parties by whom they are summoned, and to direct the sheriff to keep them in a separate room until they are called for, or, more usually, to cause them to withdraw, by an order from the bench, accompanied with notice that if they remain they will not be examined ; and, with one exception, applicable to the Exchequer, the rule seems to be the same in both civil and criminal cases. An attorney in the cause whose personal attendance may be necessary is usually excepted from the order to withdraw. The right of excluding witnesses for disobedience to such order, though well established, is rarely exercised in America ; but the witness is punishable for contempt.'' 1 Greenl. on Ev., sec. 432.

The Code provides as follows : ''At the request of either party the witnesses on both sides may be sworn and placed in the custody of an officer, and removed out of the court-room to some place where they cannot hear the testimony

as delivered by any other witness in the cause. This is termed placing witnesses under the rule. When witnesses are placed under the rule, those summoned for the prosecution may be kept separate from those summoned for the defense; or they may be kept together, as the court may direct." Code Cr. Proc., arts. 582, 583 (Pasc. Dig., arts. 3047, 3048).

"The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appear that it is necessary to the due administration of justice." Code Cr. Proc., art. 581 (Pasc. Dig., art. 3046).

From the foregoing it will be seen that the object of placing witnesses under the rule is not to deprive counsel of access to them, and also that the court has a large discretion in the admission of evidence after the regular time has elapsed for that purpose. Besides, the record shows, not only that no material injury could possibly have resulted to the accused by the action of the court in permitting the recall of the witness, but that the county attorney was not liable to censure or criticism for his acts in the matter. *Williams* v. *The State*, 35 Texas, 355. The better practice, however, for any one having occasion to speak with a witness whilst under the rule, would be to do so in the presence, or at least by permission, of the court.

There was no error in the ruling of the court in the matters set out in this bill of exceptions.

The ruling of the court below in overruling the motion for a new trial has been considered in the light afforded by the record and the able brief of the counsel for the appellant, and we conclude that the court, for aught that we can discover, did not err in refusing a new trial.

Some controversy seems to have arisen, on the trial, as to the identity of the accused, owing, possibly, to the fact that at the time of the homicide he was called *Willie* Jones, and was indicted by that name, when, on the trial,

he had given his name as *Jim* Jones.   The witnesses on the trial, however, fully proved that he was the identical person who fired the fatal shot which deprived Aaron Reynolds of his life.

The question of the identity of the accused with the offender was fairly submitted to the consideration of the jury by the following charge : " If you believe that the murder was committed as alleged, but if you have any reasonable doubt that the defendant committed the act, you will acquit."   A witness was introduced, in behalf of the accused, for the purpose of establishing an *alibi*, and it is contended in argument that the judge should have given a charge on the subject ; but, after a careful examination of the whole evidence, we are of opinion the proof was not of a character to require such a special instruction.   Such matters of defense go to the jury to be considered as other evidence in the case.   No special charges were asked on this or any other subject, and from the evidence it does not appear that further charges were required as to any part of the law of the case.

From a patient and careful examination of the whole record, with all the care its importance demands, it appears that the accused has had a fair and impartial trial.   The presiding judge, in his rulings and in his charge to the jury, evidently felt the importance of seeing that the trial was conducted agreeably to the requirements of law, and that, in instructing the jury as to the law by which they were to be governed in determining as to the guilt or innocence of the accused, his legal rights were fairly submitted and properly guarded.   He was given the benefit of any reasonable doubt the jury might entertain, not only as to his being the person who did the deed, but also as to the whole case, and as to the different degrees of the offense.

The crime having been committed while the Constitution of 1869 was in force, the jury were charged that, while the

punishment for murder in the first degree is death, they were permitted, in their discretion, to substitute imprisonment for life in the state penitentiary in lieu of the death penalty.

The indictment was sufficient to support the verdict and the judgment rendered. *Gehrke* v. *The State*, 13 Texas, 574. The evidence was sufficient to justify the verdict of the jury. The accused, by his own act, has under the law forfeited his life. There is nothing in the case as shown by the record which would authorize this court to reverse the judgment. *Hinton* v. *The State*, 24 Texas, 454.

We quote from the opinion of the court in *McCoy* v. *The State*, 25 Texas, 44, the following, as applicable to this case :

"It may be concluded, then, in determining whether a murder has been committed with express malice or not, the important questions are : Do the external facts and circumstances, at the time of the killing, before or after that time, having connection with or relating to it, furnish satisfactory evidence of the existence of a sedate, deliberate mind on the part of the person killing, at the time he does the act? Do they show a formed design to take the life of the person slain, or do him some serious bodily harm which, in its necessary and probable consequences, may end in his death ; or such general, reckless disregard of human life as necessarily includes a formed design against the life of the person slain? If they do, the killing, if it amount to murder, will be upon express malice."

The judgment is affirmed.

*Affirmed.*