### BILL DAVIS *v.* THE STATE.

1. PRACTICE. — Permission to prosecuting counsel to confer with witnesses under the rule is a matter for the discretion of the court trying the case; and, unless abuse of that discretion be shown, its exercise will not be revised on appeal.

2. SAME. — In a trial for murder, several of the State's witnesses were excused from the rule by agreement of parties. When they were called to testify, the defendant's counsel objected that, contrary to the agreement, they had remained in the court-room and heard the testimony of the previous witnesses. But the court had not heard of such a condition to the agreement, and the State's counsel did not admit it. *Held*, that this court cannot, in this state of case, determine that the court below erred in allowing the witnesses to testify.

3. PRACTICE IN THIS COURT. — No statement of facts being contained in the record, this court must presume that the State adduced all evidence necessary to establish the allegations of the indictment and warrant the verdict of the jury.

4. SAME. — Without a statement of facts, the only matter for the consideration of this court is, whether the indictment will sustain the charge of the court below and the verdict of the jury. And, in such a state of the record, it is to be presumed that there was no evidence making it incumbent on the court below to give in charge to the jury the law pertinent to any less grade of offence than that submitted to them in the charge given.

APPEAL from the District Court of Caldwell. Tried below before the Hon. L. W. MOORE.

The indictment was for the murder of one Dolly Hud-speth, and the jury found the appellant guilty of murder in the first degree.  The record does not bring up the evidence in the case, and discloses only such matters of fact as are discussed in the opinion of the court.

*Nix & Storey*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, and *W. B. Dunham*, for the State.

WINKLER, J.  The appellant was indicted and tried in the District Court of Caldwell County for the murder of one Dolly Hudspeth, alleged to have been committed in Caldwell County, on October 20, 1878.  The trial resulted in a verdict of guilty of murder in the first degree, upon which judgment was entered, and the accused was condemned to death.

Motions for a new trial and in arrest of judgment were made in behalf of the defendant, and were, in their turn, overruled by the court ; and this appeal is prosecuted.  The rulings of the court on the motions for a new trial and in arrest of judgment are assigned as error.

The only bills of exception we find in the transcript com-plain : first, that the court erred in permitting the counsel for the State to confer with witnesses whilst under the rule ; second, that the court erred in permitting witnesses who had been under the rule, and who were released therefrom, to tes-tify in the case, they having heard other witnesses testify ; and, third, that "the court ruled that the State's counsel might ask and obtain answers from the decedent's wife as to what deceased said to her about defendant several days before the death of the deceased."  The brief of counsel for the appellant discusses but the single question set out in the first clause of the bill of exceptions, to wit, that the court erred in permitting counsel for the State to have access to, and

consult with, witnesses whilst under the rule; in which, whilst it is not contended that there was, in fact, any undue advantage taken of the defendant by the privilege accorded to counsel, yet that an opportunity was thereby afforded for that purpose, and that the court had no means of determining whether the privilege granted by the court had not been improperly used by the counsel.

The only other means of information given as to the circumstances surrounding the court and the parties at the time the matters complained of in the bill of exceptions arose, or from which any conclusion can be drawn as to their importance and materiality, are found in the statement of the judge in giving a bill of exceptions to the several rulings set out.    He says : " The above bills of exception are approved, with the following qualifications and explanations : As to the first bill, the State's attorney requested to speak with witnesses under the rule, in order to determine which and whether he would introduce them, there being a large number, saying that he would not speak to any one of them about any testimony of any other witness who had testified.    He was so instructed, and permitted to consult with the witnesses for this purpose."    As to the second, he says : " There were certain witnesses excused from the rule, upon their being called and placed under the rule by agreement of parties.    The court heard no limitation upon the agreement to excuse these witnesses.    When called to testify, counsel for defendant objected to their testifying because they were in the courtroom when others were testifying, and heard them.    For the first time the court understood there was any disagreement as to these witnesses being excused; and the court announced to such witnesses they were excused from the rule by agreement, in open court, and loud enough to be heard through the court-room.    Counsel for defendant, however, insisted that he had agreed to excuse them from the rule only on condition they were not to be in the courtroom ; which, however, was not heard by the court, or ad-

mitted by the State's counsel." As to the third, he says: "The testimony complained of was in answer to questions asked by defendant's counsel, the court having ruled the State could not introduce such testimony."

From the meagreness of the record, we are not able to see any such error in the rulings complained of which is shown to be of such importance as would authorize us in disturbing the judgment of the District Court. We are of opinion that the supposed errors in the rulings of the court, as set out in the several bills of exception, are fully answered in the qualifications and explanations of the presiding judge.

On the supposed error in permitting the county attorney to consult with witnesses under rule, this is not an open question. In *Williams* v. *The State*, 35 Texas, 355, where a similar question arose, the court held that, " placing the State's witnesses under the rule will not deprive the district attorney of the right to confer with them in a proper manner ; this is his privilege, and, moreover, may be regarded as his duty." Similar questions have been passed upon by this court. In *Jones* v. *The State*, 3 Texas Ct. App. 150, where, the witness having been under the rule, and after the testimony had closed, it was proposed, on the reassembling of the court after an adjournment for dinner, to reintroduce the witness ; counsel for the defendant objected, on the ground that the said witness, being still under the rule, during the adjournment of the court had been conversed with by the county attorney. The county attorney admitted having conversed with the witness, but stated to the court that he had not informed him what any other witness had testified, or what he desired him to testify when again introduced. The witness was permitted to testify, and on appeal it was held not to be error. It was said, however, in that case, that the better practice for " any one having occasion to speak with a witness whilst under the rule, would be to do so in the presence, or at least by per-

mission of the court;" which appears to have been done in the present case.

In *Ham* v. *The State*, 4 Texas Ct. App. 645, on a similar question, this court held that "the manner in which witnesses are to be examined must, in general, be left to the discretion of the court, and it is believed that the discretion thus confided to the court was intended not to be a subject of revision, * * * unless it be made to appear that the discretion has been abused, to defeat the ends of justice." See also *Brown* v. *The State*, 3 Texas Ct. App. 294. In the present case, we fail to discover any abuse of the discretion necessarily lodged with the court, or that any injury was done to the defendant by the action of the court in any of the matters complained of in the bill of exceptions.

The transcript of the record before us contains no statement of facts. This being the case, we must presume, in favor of the correctness of the judgment, that all the testimony necessary to a proper conviction upon the charge in the indictment and the defendant's plea of not guilty, and the issue thus presented to the court and jury, was adduced on the trial, else the verdict must have been otherwise, or the court would have set it aside. *Gross* v. *The State*, 4 Texas Ct. App. 249. In *Booker* v. *The State*, 4 Texas Ct. App. 564, this court held: "In the absence of a statement of facts, we are authorized to presume, in support of the judgment, that all the material averments in the information were proved which could be legally proved under the issue." This ruling is based on a number of cases, of different grades of offence, including *Longley* v. *The State*, 3 Texas Ct. App. 611, which was, as this, a case of murder in the first degree.

Another settled rule of practice in this court, based on numerous decisions of both the Supreme Court and of this court, collated in *Longley* v. *The State*, 3 Texas Ct. App. 611, is this: "Without a statement of the facts in evidence before the court and jury, this court, on appeal, will only

consider whether the indictment will sustain the charge and the finding of the jury." The indictment in the present case charges that the appellant committed murder upon express malice, and therefore murder in the first degree; which is deemed sufficient to support a conviction for that grade of offence.

The charge of the court was a full, clear, and explicit enunciation of the law of murder in the first degree, and properly instructed the jury in the law of that grade of offence, and the testimony necessary to be adduced in order to warrant the jury in finding the accused guilty of murder in the first degree.

If we were authorized, under the state of the record, to infer that the defence relied on an *alibi*, then we are of opinion the charge on that subject was as favorable to the defendant as would have been warranted under the most favorable state of the case.

The charge is confined to murder in the first degree. In the absence of a statement of facts, we must presume that there was no testimony which called for a charge on any lesser grade of culpable homicide than murder in the first degree. There appears not to have been any exception taken to the charge, nor were any additional instructions asked, nor further explanation or modification of the general charge desired. In the brief of counsel for appellant no complaint is made of the charge of the court. The whole matter of the trial and conviction was passed in review before the court below on considering the motion for a new trial, and it is but fair to presume that the judge before whom the trial was had deemed the conviction proper under the law, or he would have performed his duty by granting a new trial.

There is no reason shown which calls for the interposition of this court, and the judgment of the District Court must be affirmed.

*Affirmed.*