## DAN IKNER v. THE STATE.

No. 20277. Delivered March 22, 1939.

The opinion states the case.

*Russell & Edwards,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Under a plea of guilty, with a request for a suspension of sentence, the appellant was given a year in the penitentiary, and his sentence was not suspended.

There is no statement of facts in the record, but appellant's attorneys present a novel question in their brief. They contend that the indictment is fatally defective in that a grand jury of Nacogdoches County presents to that district court an indictment charging appellant with having committed an offense in Cherokee County.

The indictment reads as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:
"The grand jurors for the County of Nacogdoches, State aforesaid, duly organized as such at the March Term, A. D. 1937, of the District Court of said county, upon their oath in said court, present that Dan Ikner on or about the 13th day of March, One Thousand Nine Hundred and Thirty-seven, and anterior to the presentment, in the County of Cherokee and State of Texas, did then and there unlawfully and while intoxicated and while under the influence of intoxicating liquor drive and operate an automobile upon a public highway, to-wit, State Highway Number Seven, in said county, against the peace and dignity of the State.

"Jewel Helpinstill
"Foreman of the Grand Jury.

"Filed: April 8th, 1937.
"J. Farris Jinkins, Clerk
"District Court, Nacogdoches
"County, Texas."

It is also to be noted that the court charged the jury as follows: "Gentlemen of the Jury: The defendant stands charged by indictment with the offense of driving and operating an automobile upon a public highway, while under the influence of intoxicating liquor alleged to have been committed in the County of Nacogdoches, and State of Texas, on or about the 13th day of March, 1937. * * * "

In the absence of a statement of facts we are at a loss to understand the discrepancy between the allegation in the indictment that this offense took place in Cherokee County and the charge of the court that it took place in Nacogdoches County. That the County of Nacogdoches has jurisdiction of an offense that might have taken place in Cherokee County within

400 yards of the Nacogdoches County line we know by reference to Art. 190, C. C. P., and we also know that either county could have been alleged as the location of the offense by virtue of Art. 400, C. C. P. We also take judicial knowledge that these two counties join each other. We might presume that this alleged offense took place in Cherokee County within 400 yards of the Nacogdoches County line, but such presumption does not find confirmation in the court's charge relative to the locality of the crime.

If such be true, then the indictment should have gone further and alleged, in substance, that the defendant, in Cherokee County within 400 yards of the Nacogdoches County line, did then and there unlawfully, and while intoxicated, etc.

If the above presumption is not true, and we have no reason to think it is true, then the indictment is defective in that it fails to show that the offense was committed within the jurisdiction of the Nacogdoches County district court, except where the act, though done without the county, is triable therein. See 23 Tex. Jur. 647. If this act herein complained of was committed in Cherokee County, but within 400 yards of the line of Nacogdoches County, such should have been alleged in the indictment. However it is our opinion that had the pleader taken advantage of the provisions of Art. 400, C. C. P., and alleged the offense to have taken place in Nacogdoches County, no further allegation would have been necessary as to its proximity to the Nacogdoches County line.

Because of the defective allegations in the indictment this cause is reversed and the prosecution ordered dismissed.