## D. BROWN V. THE STATE.

No. 23490. Delivered December 11, 1946.
Proceedings Abated on Motion of State's Attorney (Because of Death of Appellant) April 23, 1947.

*Adams & Adams,* of Nacogdoches, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, and *Dave Mc-Neill, Jr.,* County Attorney, of Center, for the State.

GRAVES, Judge.

Appellant was convicted of maintaining a nuisance as denounced under what is termed the "Texas Liquor Control Act," and by the jury given a sentence of one year in the county jail, and a fine of $1,000.00.

The portion of the statute under which this conviction was had is shown as Article 666-29, Vernon's Ann. Tex. P. C., Vol. 1, now found in the 1946 Pocket Part (p. 142) and reads as follows:

"(a) Any room, building, boat, structure, or place of any kind where alcoholic beverages are sold, bartered, manufactured, stored, possessed or consumed in violation of this Act, or under conditions and circumstances contrary to the purposes of this Act, and all such beverages and all property kept and used in any such place, hereby are declared to be a common nuisance; and any person who maintains or assists in maintaining such common nuisance shall be guilty of a violation of this Act."

It is our opinion that this statute is a general statute, and regardless of the wet or dry status of the place where the nuisance is alleged to be located, it would be operative. In other words, this Section 29 operates not only in counties or political subdivisions that are operating under local option as dry, but also under areas that are wet under the general statute. There are many methods of operation in wet areas that can come under the denunciation of this article, such as the possession of unstamped liquor, or illicit liquors; or sales by the drink; or sales without a license; or sales of liquor contrary to the terms of the license; or sales at a place different from the licensed place; and many other ways in which this nuisance clause could be violated in a wet area. We are, therefore, of the opinion that as a matter of law, it probably was not necessary for the State to

allege in the complaint and information the different steps taken in an adoption of the law relative to a prohibition of the sale of liquor in either San Augustine County or in Shelby County.

Many of the bills of exception relate to the allegation and proof relative to the adoption of local option in each of these adjacent counties. In the first place, we think these allegations were not necessary in either county in order to charge appellant with maintaining a nuisance, because the law upon which the prosecution was predicated is a general law and applies alike to all counties of the state without regard to the wet or dry status thereof. And again, we think the orders complained of are within themselves complete and sufficient to show that each county was a dry area. Such allegations could doubtless have been used to show that certain laws applicable only to dry areas were being violated and partook of the nature of acts that caused the perpetration of a nuisance, and that is probably the reason for the dry status of both counties appearing in the complaint and information.

We are met with the proposition herein that this prosecution is based on certain conditions and acts taking place in San Augustine County, and adjacent county to that of Shelby, in which latter county this trial was had. It is alleged, however, and proven, that the building, structure and place complained of was within less than 400 yards of the Shelby County line. Appellant contends that the trial court had no jurisdiction over this cause and no venue thereof on account of the fact that Article 190 and Article 400 of the Code of Criminal Procedure, were passed and adopted long prior to the Constitution of 1876, in which Constitution there appeared for the first time in our jurisprudence the local option provision relative to the sale of intoxicating liquor, and therefore such local option provision was not in contemplation of the lawmakers at the time of the enactment of Articles 190 and 400, C. C. P.

Article 190, C. C. P., provides that "an offense committed on the boundary of any two counties, or within four hundred yards thereof, may be prosecuted and punished in either county."

Article 400, C. C. P., reads as follows:

"When the offense may be prosecuted in either of two or more counties, the indictment may allege the offense to have been

committed in the county where the same is prosecuted, or in any county or place where the offense was actually committed."

We think the State was well within its rights when it filed this cause in Shelby County, the proximity of the complained of nuisance being within the limit fixed by Art. 190, C. C. P. We also think that such article not only applied to the offenses present in the Penal Code at the time of its enactment, but also to those acts made penal after the enactment thereof, which later enactments constitute many articles of such Code. For instance, at the time of the enactment of Art. 190, C. C. P., there were not any matters relative to automobiles found in the statute, either their theft or their driving, yet surely this article of the Procedure applies to all the enactments relative to such mode of transportation. We are not impressed with the seriousness of such contention.

We are cited to the case of Ikner v. State, 126 S. W. (2d) 490, as upholding the contention of appellant that this cause is not triable in Shelby County. The Ikner case was reversed because the trial in Nacogdoches County was had under pleadings which alleged that the act charged took place in Cherokee County without a further allegation relative to the fact that same took place within 400 yards of the county line. In the present case, the 400-yard allegation is found, and under the articles of the Code of Criminal Procedure venue was shown to be in either county.

The further cited case of Talley v. State, 147 S. W. 255, 66 Tex. Cr. R. 342, merely deals with an attempt by a dry territory to go over into a wet area and punish a dry violation within the 400-yard limit. No such question is presented in the instant case.

It is shown from the proof that witnesses saw appellant at night time standing in front of the described building under an electric light and having conversations with people and point- in a direction across the highway; that such people then left going in such indicated direction and soon returning with a bottle of whisky and paying appellant some money. We think such circumstances strongly point to the fact that appellant was selling the whisky, and regardless of appellant's objection thereto, we think such testimony was admissible.

We also think that the presence of drunken people, both men and women, would have some weight in showing that such

place was a nuisance, the State's testimony showing that appellant maintained and assisted in maintaining the place described in the complaint, and that same was known as D. Brown's Place.

Again, complaint is made relative to certain testimony showing that the officers went to the place across the highway but near appellant's place and towards which he pointed, and there found additional bottles of whisky hidden in the grass, such whisky being of the same brand as that theretofore testified to as having been sold by appellant. True it is that there was another party at such place across the highway, but the record merely shows that he was arrested and nothing further. The appellant is charged with maintaining a place where liquor was stored, possessed and consumed in violation of the law, and we think that if such liquor was handled in either of such ways, the testimony was pertinent to the issue charged.

A further bill complains of the County Clerk of San Augustine County being allowed to testify that he had searched the records of that county and that it appeared therefrom that no election had been held in said county allowing the sale of intoxicating liquors since a certain date, on which date such sales had been prohibited therein. This was necessarily a conclusion of the witness as to what he found the facts to be. It is also plain that he could not bring before the jury all the records of his office since the adoption of prohibition and require of the jury that they go through such voluminous records.

Again, in his brief appellant argues his objection to the testimony of Grover Poplin wherein it was shown that such witness, a deputy sheriff, testified that on a certain date he saw many drunk people, both men and women, in this place; and as to the trouble which the officers had in arresting these drunken people. This was thought to be objectionable by appellant because it was not shown that he was present at such time, that he did not own this house wherein the people were located, etc. As to appellant's knowledge of such conduct, the testimony did show that he was maintaining such house, that he was present there much of the time in the house and was directing the purchases of liquor from in front of this place beneath a light in front thereof. As to the ownership of the house, he was not charged therewith, but merely with maintaining and assisting in maintaining a place where liquors were sold, stored, possessed and consumed in violation of the Liquor Control Act. We think the actual ownership of the premises was immaterial.

Again, complaint is made because it was shown that the officers arrested a man named Byers, who was found across the highway with two pints of liquor in his possession, and they also found some further pint bottles of whisky at such place across the highway after searching in the grass and moss. This place seems to have been the place where appellant was directing his customers to go, who soon returned with bottles of whisky and gave him some money. We think the transaction is so closely correlated with selling, storing and possessing liquor as to come within the provision of the statute upon which the prosecution is based.

Again, it is complained that the trial court was in error in allowing the State to prove that appellant pleaded guilty to the unlawful sale of liquor in three cases, such cases growing out of his conduct at the time testified to by the peace officers. As we understand the record, all these acts so charged took place at, in or near this D. Brown's dance hall, and evidenced the fact that he had liquor stored at such place and that it was sold therefrom, part of it being from across the highway, part from near the garage, and possibly part in the house. We think his plea of guilty thereto was evidence of the facts charged in the pleading.

Again, complaint is made because the peace officers were allowed to testify that at the time these sales and actions of appellant were taking place, one officer testified that "about that time there was a bunch of boys there drinking a lot of beer right in front of his place." We think this testimony evidenced the fact that certain liquors were being consumed at or near such place contrary to the purpose of the Liquor Control Act.

Mr. Talley testified over objection as follows:

"When I got to this place where D. Brown had been sending these men, I had a stick digging around up there; I was looking around, and I found one pint of whisky up there, hid under some of that moss-like stuff by a stump."

We think this was but a link in the chain of proof showing that appellant stored, possessed and maintained such a place as would come within the denunciation of the statute. It was the method whereby he would direct men to go to this place and procure a bottle and come back and pay him therefor. It

was further admissible, we think, to allow another witness to testify that at such place he found two bottles of whisky.

It is objected to because appellant was caused by the State to testify over objection that "as to whether I have been guilty of the liquor law out there on those premises, I plead guilty, paid a couple of fines; that was in San Augustine." It appears that one of such fines was for selling whisky and the other for possessing such liquor for the purpose of sale. This seems to be material testimony under the charge herein.

Complaint is made relative to the court's overruling appellant's motion for a new trial in that he had the testimony of two newly discovered witnesses as to appellant's whereabouts at or near the hour of 5:00 o'clock P. M. on February 16, 1946, and that appellant was in the city of Nacogdoches at such time and therefore could not have been at this dance hall at that particular time. The materiality thereof is not shown in the bill. We do find that when the peace officers were out at the place described in the pleadings, they testified that it was night time, and the affidavits offered as newly discovered evidence place appellant at Nacogdoches at or about 5:00 o'clock in the afternoon. From the map of Texas, we know that Nacogdoches County, San Augustine County, and Shelby County are adajent counties and therefore that appellant's presence in Nacogdoches at 5:00 o'clock in the afternoon would not preclude his presence in San Augustine County at some later hour in the night time of February 16, 1946, at the time testified to by the officers. Appellant's excuse for not having such witnesses present at the trial is that he did not remember having seen them until the matter was called to his attention by one of the witnesses, although he was bound to know of his own whereabouts on the afternoon and evening of the time mentioned by the officers and of his arrest.

Appellant complains because the trial court refused to give in the charge to the jury his special requested charge as follows:

"You are charged that if you find from the evidence or have a reasonable doubt, that the defendant did not own the property charged in the information as where the nuisance was committed, you will acquit the defendant."

The careful trial court did give in his charge to the jury a paragraph that required them to find beyond a reasonable doubt that defendant had control and possession of this prop-

erty where the alleged nuisance was committed, and unless they found such beyond a reasonable doubt, to acquit the defendant.

We think this charge sufficiently presented appellant's defense that his wife owned, possessed and controlled such property. We do not think that the ownership of the property is a controlling factor under this Article 666-29 P .C. We do think that the possession, control and maintenance of such place as there designated constitutes the offense of maintaining a common nuisance.

We find this record is a well-nigh hopeless state of confusion in regard to the bills of exception. First, we find appellant presenting to the trial judge many bills, his last number being No. 58. The trial court refused the major portion of such bills and filed his own bills in lieu thereof. The appellant then countered with bystanders' bills to practically every one of the court's bills. Then the County Attorney filed bystanders' bills upholding the trial court's filed bills. We have endeavored as best we could to weed out of these four sets of bills all the matters complained of in appellant's brief, finding the true facts as best we could from the tangled skein of a 250-page transcript with well-nigh 200 bills of exception.

Having reviewed all bills and considered them, we overrule all not herein written upon; and perceiving no error shown herein, the judgment is accordingly affirmed.

### ABATING FURTHER PROCEEDINGS ON ACCOUNT OF DEATH OF APPELLANT.

DAVIDSON, Judge.

The State moves to abate further proceedings in this cause because of the death of the appellant, and attaches thereto an affidavit showing that since the motion for rehearing was filed, appellant died.

The motion of the State is granted, and the motion for rehearing is abated.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.