## DALLAS GENERAL DRIVERS, WAREHOUSEMEN AND HELPERS LOCAL UNION NO. 745 et al. v. OAK CLIFF BAKING CO. et al.

### No. 5782.

Court of Civil Appeals of Texas. Amarillo.

June 2, 1947.

Rehearing Denied June 30, 1947.

L. N. D. Wells, Jr., of Dallas, for appellants.

Turner, Rodgers & Winn, of Dallas, for appellees.

PITTS, Chief Justice.

This is an appeal from an order granting appellees, Oak Cliff Baking Company and Golman Baking Company, a temporary injunction after a hearing was had restraining appellant Dallas General Drivers, Warehousemen and Helpers Local Union No. 745, and its business agents, officers and members, from picketing the places of business of appellees. The appeal was perfected to the Court of Civil Appeals of the Fifth Supreme Judicial District and transferred to this Court by the Supreme Court.

The purpose of the issuance of a temporary injunction is to maintain the status quo in regard to the matters in controversy until a final hearing can be had on the issues and not to determine the respective rights of the parties under the

cause of action asserted or defenses urged. James v. E. Weinstein & Sons, Tex.Com. App., 12 S.W.2d 959.

The rule is well established that the granting or refusing of a temporary injunction is within the sound discretion of the trial court and that its action will not be disturbed on appeal unless it clearly appears from the record that there has been an abuse of such discretion. Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964. It therefore follows that the facts will be here reviewed for the sole purpose of determining whether or not they support the trial court's exercise of sound discretion in maintaining status quo in regard to the issues raised by the parties until a final hearing can be had and the facts will not be here reviewed to determine whether or not they are sufficient to support a final judgment. Tipton v. Hotel and Restaurant Employees International Alliance, Local No. 808, Tex.Civ.App., 149 S.W.2d 1028.

The record reveals that appellant was chartered by the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, affiliated with the American Federation of Labor, and that J. B. Turner was appellant's business agent and J. B. McPherson was its assistant business agent; that appellees are separate incorporated baking companies and each filed its suit separately but they were consolidated for trial by the trial court; that the bakers in each company are members of a local bakers' union affiliated with the American Federation of Labor; that appellees' drivers are not organized and do not belong to any union; that appellees' agents, Turner and McPherson, had talked to appellees and their drivers about organizing appellees' drivers; that appellees did not object to their employees belonging to the union but that the drivers of the Oak Cliff Baking Company had voted unanimously at their own election not to join the union and that the drivers of Golman Baking Company had voted 14 to 6 at their own election not to join the union; that on August 28, 1946, J. B. Turner, as business manager of appellant, filed notice of intention to call a strike in appellees' plants with the National Labor Relations Board, the

National Wage Stabilization Board, and the Department of Labor on behalf of appellant but no notice was given to either of appellees at any time of such intent; that J. B. McPherson and J. B. Turner, without any vote of authority from their union, called a strike at the business establishments of both appellees on Saturday night, October 5, 1946, and placed a picket at the Golman Baking Company at 11:30 o'clock p. m. that night and one at the Oak Cliff Baking Company at 4:30 o'clock a. m. Sunday morning, October 6, 1946, each picket carrying a placard stating that the company "is unfair to General Drivers Local Union No. 745"; that neither picket was and never had been an employee of either of appellees' plants; that appellees' bakers who belonged to a union refused to cross the picket line and report for duty; that appellee Golman Baking Company had a contract to deliver a large order of rolls to the Dallas State Fair Grounds on Sunday, October 6, 1946, and was forced to buy rolls from other bakeries to fill its order; that neither J. B. Turner nor J. B. McPherson had exhibited or offered to exhibit any authority to appellees showing themselves or appellant to be the bargaining agent of appellees' employees and that, in fact, appellant had not been certified as a bargaining agent for the employees of either of the appellees; that appellees' employees were not on a strike nor threatening to strike.

The trial court found that appellees had not objected to their drivers joining appellant's union; that one plant voted unanimously against joining appellant's union and the other plant had voted 14 to 6 against joining it; that no employees of appellees were out on a strike; that no employees had been discharged nor threatened with discharge should he join the union; that on the night in question appellees' union bakers refused to cross the picket line, although there was no dispute between them and appellees or between them and appellant; that appellant's agents were trying to accomplish indirectly that which they had failed to accomplish directly and their acts were coercive. The trial court concluded that there did not exist a bona fide labor dispute between ap-

pellees and their employees or between appellees and appellant; that the question of whether or not employees should join a union should be determined by them and that employees should not be compelled in spite of their wishes to join a union, for all of which reasons appellant should be temporarily restrained from picketing the places of business of appellees.

■ The evidence supports the findings of the trial court and appellant does not charge that the evidence is insufficient to support such findings. It is therefore our opinion that the trial court did not abuse its discretion in granting a temporary injunction and thus maintaining status quo in regard to the issues raised by the parties until a hearing can be had on the merits of the case. Appellant's points of error to the contrary are all overruled, and the judgment of the trial court is affirmed.