THE STATE OF TEXAS V. A. J. PARKER.

No. A-1654. Decided June 16, 1948.
(212 S. W., 2d Series, 132.)

*I. B. Hand,* Criminal District Attorney of Parker County, Texas, *Grindstaff, Zellers & Hutcheson,* of Weatherford, for petitioner.

It was error for the Court to hold that it was necessary for

the State to allege and prove that the drinking of intoxicating liquor by two or more assembled to a room for that purpose at the place alleged was in violation of some penal law or regulation promulgated by the Liquor Control Board before it was entitled to the injunction under Article 4664, P. C. Trent v. *Kennedy,* 109 S. W. (2d) 327; Jeter v. State, 184 S. W. (2d) 716; Green v. State, 49 S. W. (2d) 519.

*John L. Poulter,* of Fort Worth, for respondent.

Before persons can be convicted of committing the acts complained of it must be proven that such acts are an offense under the penal laws then in force and the Court of Civil Appeals was correct in holding it necessary for the State to offer some evidence tending to show some violation of the penal laws, or of some regulation promulgated by the Liquor Control Board before it could be entitled to the injunction granted. All Texas Racing Assn. v. State, 82 S. W. (2d) 151; Id., 128 Texas 384, 97 S. W. (2d) 669, 100 S. W. (2d) 348; Waits v. State, 76 S. W. (2d) 545.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

The State of Texas, acting by and through Honorable I. B. Hand, County Attorney of Parker County, brought this suit in the district court of that county under authority of Article 4666, R. C. S., to enjoin a common nuisance as defined by Article 4664, R. C. S. The action was against the respondent, A. J. Parker, who owns and operates a dance hall in the City of Weatherford, Parker County. The ground upon which the injunction was sought was that the place operated by Parker was a public place to which the public commonly congregate for pleasure and to which persons resort in assembly of two or more persons to the room for the purpose of drinking intoxicating liquor. In a trial before the court, without the assistance of a jury, an injunction was issued closing the place for one year in accordance with the provisions of Article 4666, unless respondent should make bond conditioned, in part, "* * * that persons will not be permitted to resort to such place in assembly of two or more persons to a room for the purpose of drinking intoxicating liquor, * * *."

On appeal the Court of Civil Appeals at Fort Worth reversed the trial court's judgment and rendered judgment dissolving the injunction, one of the Justices dissenting. 208 S. W. (2d) 380.

■ The controlling question for determination is whether or not the Texas Liquor Control Act, Articles 666-667, Vernon's Texas

Penal Code, repealed by necessary implication the particular provision of Article 4664, R. C. S., under authority of which respondent's place was adjudged to be a nuisance. That provision is as follows:

"Any * * * place to which the public commonly resort for board or lodging or commonly congregate for business or pleasure * * * to which persons resort in assembling of two or more persons to the room for the purpose of drinking intoxicating liquor * * *."

Such a place, among others, is declared by Article 4664 to be a common nuisance, and by Article 4666 the Attorney General or the District Attorney or the County Attorney is authorized to file suit in the name of the State in the county where the nuisance is alleged to exist to enjoin the same.

■ Aricles 4664-4666 were enacted during the period of national and state prohibition when intoxicating liquor could not be transported or delivered. Article 666, Penal Code, 1925. Under that article persons could not lawfully assemble to drink liquor, for they could not lawfully transport it to the place of assembling. Obviously, the purpose of the Legislature in enacting Articles 4664-4666, in so far as they relate to intoxicating liquors, was to aid in the more efficient enforcement of the prohibition laws then in effect. Subsequent to the passage of those articles the prohibition amendments were repealed, and the Texas Liquor Control Act, Articles 1 and 2, carried as Articles 666-667, Vernon's Texas Penal Code, a comprehensive law with respect to intoxicating liquor, was enacted by the Legislature. That act in Article 666-29 authorized the bringing of an injunction suit by any county or district attorney or the Liquor Control Board for the purpose of enjoining a common nuisance, but it dealt only with nuisances resulting from the violation of the liquor law. Among other places declared to be a common nuisance was a place "where persons are permitted to resort for the purpose of drinking liquor in violation of the law." That section of the act was amended in 1943, 48th Leg., p. 339, ch. 221, so as to declare as a common nuisance not only a place where alcoholic beverages are consumed in violation of law, but also those places where alcoholic beverages are consumed "under conditions and circumstances contrary to the purposes of this Act." The purposes of "this Act" are clearly stated in the Act itself, Article 666-2, in this language:

"This entire Act shall be deemed an exercise of the police power of the State for the protection of the welfare, health,

peace, temperance, and safety of the people of the State, and all its provisions shall be liberally construed for the accomplishment of that purpose." Acts 1935, 44th Leg., 2nd C. S., p. 1795, ch. 467, Art. 1, sec. 2.

As a result of this last amendment a public official named in the amendment may bring a suit to enjoin a place not only where liquor laws are violated but also a place where liquor may be lawfully possessed, sold, or consumed, if that place is operated under "conditions and circumstances contrary to the purposes of this Act." By this last amendment the Legislature has brought within the purview of the Liquor Control Act the entire field of injunctive relief in liquor cases. Under the provisions of Article 4664 a hotel could be enjoined from operating on the sole ground that two or more persons congregate there for the purpose of drinking beer, even though the hotel has a valid license issued to it under the Liquor Control Act to serve beer for consumption on the premises. Clearly, that article should not be used as authority for enjoining one from doing that which he has a valid license to do. The necessary conclusion is that the provision of Article 4664 under which the injunction in this case was granted has been repealed by Article 666-29 of the Penal Code, as amended.

Prior to the amendment to Article 666-29 in 1943 there was no authority under the terms of the Liquor Control Act for the bringing of an injunction suit by enforcement officers in cases where liquor was consumed lawfully, even though the manner of conducting the business created a common law nuisance. The powers of the proper officers have been enlarged by this amendment to meet that condition, which leaves no field for the operation of the provision in Article 4664 under which this injunction was brought. Under the amendment a suit of the nature of the one involved here may be brought to enjoin the operation of a place such as the one operated by respondent, but in order to maintain such an action the evidence must establish not merely that liquor was consumed at the place, but it must go further and establish either that it was unlawful to drink liquor at such time or place, as, for instance, at a package store, or that the place was operated under circumstances and conditions contrary to the purposes of the Liquor Control Act.

We find it unnecessary to discuss the various cases cited on the question here for decision, but feel that we should take notice of two of the leading cases. The only time that this Court has spoken directly on the question is in its opinion in Ex

parte Steel, 137 Texas 508, 155 S. W. (2d) 355. It there employed this language:

"Before proceeding further we pause to say that the only authority for invoking injunctive jurisdiction of the district court to enforce the liquor laws of this State is found in Section 29 of Article I and Section 27 of Article II, of what is known as the Texas Liquor Control Act. These statutes are carried as Articles 666-29 and 667-27, Vernon's Texas Penal Code."

Later the Court of Civil Appeals at Waco in Parker v. State, 161 S. W. (2d) 319, error refused, held that Article 4664 was not repealed by the Liquor Control Act. We shall not undertake to harmonize those decisions, for each was written prior to the amendment of 1943 above referred to. If Article 666-29 of the Liquor Control Act was not sufficiently comprehensive in its terms to repeal that portion of Article 4664 under review, prior to the 1943 amendment, it was made sufficiently comprehensive for that purpose by such amendment. The Legislature did not intend to leave it optional with the enforcement officers to bring a suit for injunction under whichever one of two statutes they might choose. It made the law with reference to injunctions in liquor cases complete in one statute so that it might be enforced with uniformity and greater efficiency.

Applying the above conclusions to the case before us, we are led to an affirmance of the judgment of the Court of Civil Appeals dissolving the injunction. The State, as noted above, predicated its action solely upon the ground that persons resorted to respondent's place in assembly of two or more persons to the room for the purpose of drinking intoxicating liquor, as provided in Article 4664. The suit was not brought under Article 666-29 of the Penal Code, and the injunction does not rest upon any allegation, proof, or finding that the persons who drank liquor at respondent's place did so unlawfully or under circumstances and conditions inimical to the welfare, health, peace, temperance or safety of the people. A place cannot be closed merely because two persons drink liquor there, if that drinking is lawful and permitted by law; but it may be closed even though the drinking be lawful, if the circumstances and conditions under which the place is operated make it a nuisance in fact.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered June 16, 1948.

No motion for rehearing on file.