MERRELL DANIEL ADAMS V. STATE

No. 28,867. March 20, 1957.
State's Motion for Rehearing Overruled
(Without Written Opinion) April 24, 1957.

*George T. Thomas*, Big Spring, for appellant.

*Guilford L. Jones*, District Attorney, Big Spring, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is under Art. 802b V.A.P.C., for the subsequent offense of driving a motor vehicle while intoxicated; the punishment, 90 days in jail and a fine of $500.

In view of our disposition of the case a recitation of the facts is unnecessary.

The indictment, in charging the prior misdemeanor conviction, alleged: "* * * that Merrell Daniel Adams, on or about the 4th day of October A.D. 1952, * * * in the County of Howard and State of Texas, was duly and legally and finally convicted of the misdemeanor offense of driving and operating a vehicle upon a public highway in Mitchell County, Texas, while intoxicated and while under the influence of intoxicating liquor, in Cause No. 8292, Styled the State of Texas vs. M. D. Adams, then pending in the County Court of Mitchell County, Texas, * * *."

Appellant moved to quash the indictment or, in the alternative, that portion of the indictment alleging the prior conviction, on the ground that such allegation was confusing and contradictory in that it alleged a prior conviction in Howard County for driving while intoxicated in Mitchell County in a certain cause pending in the county court of Mitchell County, and for the further reason that it alleged that such prior offense was "driving and operating a vehicle" which is not an offense unless the same is a motor vehicle. Complaint is made to the action of the court in overruling the motion to quash.

The motion to quash that portion of the indictment alleging the prior conviction should have been sustained.

In substance the indictment alleges that the appellant's prior misdemeanor conviction was in Howard County in a certain cause pending in the county court of Mitchell County. The county court of Howard County was without jurisdiction to enter judgment if, as alleged, the cause was pending in the county court of Mitchell County. Further, the allegations that the conviction was in Howard County for a misdemeanor offense committed in Mitchell County in a cause pending in the county court of Mitchell County are inconsistent and repugnant to each other.

The portion of the indictment alleging the prior misdemeanor conviction may not be sustained under the theory of a change of venue for there is no provision for changing the venue in a misdemeanor case. Nor may the indictment be sustained under Articles 190 and 210 V.A.C.C.P. as alleging a

conviction in Howard County for driving while intoxicated in Mitchell County because it does not allege that the offense occurred within 400 yards of the boundary line of Howard County. Ikner v. State, 136 Texas Cr. Rep. 471, 126 S.W. 2d 490.

For the reason stated the judgment is reversed and the cause remanded.

Opinion approved by the Court.