**The RED DEVIL CLUB, Weldon Curry and Richard Tivis, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 6750.**

Court of Civil Appeals of Texas.

Amarillo.

Nov. 18, 1957.

**628**

Burks & Brown, Lubbock, for appellants.

Wm. J. Gillespie, Lubbock, for appellee.

CHAPMAN, Justice.

This case is an appeal from a temporary injunction in which the court below, upon application of the State of Texas represented by William J. Gillispie, County Attorney of Lubbock County enjoined appellants, "Weldon Curry and Richard Tivis, their servants, agents, and employees from operating, controlling, letting, leasing, and renting the property located in Lubbock County, Texas and known as the Red Devil Club as a place used for and operated as a night club in such a manner as to constitute these premises a common nuisance. That the defendants, Weldon Curry and Richard Tivis, their agents, servants and employees are further temporarily restrained from permitting persons to drink, consume and use intoxicating beverages in any manner on said premises and from permitting any loud, boisterous, and unruly conduct on the part of any person using said premises, and from permitting or allowing any sort of disturbance whatever on said premises, and from permitting said premises to become and to be used as a common nuisance pending final hearing hereon, and the Defendants, and each of them, their agents, servants, and employees are temporarily enjoined and restrained from leasing, letting, using, operating, and controlling any business upon said premises for any unlawful purposes."

The appellants assign as errors the issuance of a temporary injunction "which failed to define with reasonable certainty the acts prohibited, which exceeded constitutional and statutory authority, and which failed to state reasons for its issuance, as required by law; the error of the trial court in overruling the Appellant's Special Exceptions to Plaintiff's Amended Petition; the error of the trial court in granting temporary injunction on insufficient pleadings; the error of the trial court in granting a temporary injunction on insufficient evidence."

In its brief appellee, The State of Texas, admits the court below granted injunctive relief more inclusive than that sought, ad-

mits it is not entitled to a temporary injunction against appellants, except to enjoin them from operating the Red Devil Club in such manner as to permit persons to drink, consume and use intoxicating beverages between the hours prohibited by the Liquor Control Act and requests that the judgment of the court below be so reformed, and as reformed affirmed.

■ Under numerous authorities cited by appellant, which, in view of appellee's admissions we deem unnecessary to cite in this opinion, the order of the court below was without sufficient pleadings, and evidence of probative value, to justify some of the prohibitions enumerated in the order granting temporary injunction and was too indefinite in reciting some of the prohibitions. However, it is our view of the case that the pleadings and evidence were sufficient upon which the court below might find the place a common nuisance and temporarily enjoin appellants from operating the club in such manner as to permit persons to drink, consume, and use alcoholic beverages on the premises and that the verbiage in this respect was explicit enough in the Order Granting Temporary Injunction for that purpose. Arts. 666–4(c), (1), 666–29, Vernon's Ann.P.C.

Appellees alleged that appellants "have, for an extended period of time immediately preceding the filing of this petition, engaged in the business of a night club at the hereinabove mentioned Red Devil Club in Lubbock County, Texas, and that said night club is a place to which the public commonly resort for business or pleasure and to which persons resort in assembling for the purposes of drinking intoxicating liquor in violation of Art. 666 of the Texas Penal Code, that maintaining said night club where persons resort for the purpose of drinking intoxicating liquor constitutes maintaining a nuisance within the purview of Art. 4664, Vernon's Texas Civil Statutes, and Art. 666 of the Texas Penal Code." The State further pleaded that the club was operated from midnight into the early morning hours,

that the owners knew, or by the exercise of reasonable diligence should have known that the consumption of intoxicating beverages was being carried on in said club and that defendants would continue the operation of such nuisance unless enjoined.

■ Appellant asserts that Art. 4664, V.T.C.S. pleaded by appellees has been repealed by the enactment of Art. 666–1 et seq., P.C. and therefore their allegations that the acts of the operators of the club constituted a nuisance within the purview of said article should have been stricken. To this contention we agree and appellee in its brief so agreed. State v. Parker, 147 Tex. 57, 212 S.W.2d 132.

Though the court below should have granted appellants exceptions to the pleadings in connection with Art. 4664, we do not believe it was such error as to justify reversal. Appellants could not possibly have been harmed by such action of the court in a hearing before the court for a temporary injunction, since the pleadings were sufficient upon which to declare the Red Devil Club a common nuisance and enjoin appellants from operating it in such manner as to permit persons to drink, consume, and use alcoholic beverages in violation of Art. 666, P.C.

■ Appellant insists that the court's order granting temporary injunction was not sufficient for the reason that it used the term "intoxicating beverages" whereas the statute uses the terms "alcoholic beverages" and "intoxicating liquor." "Beverages" is defined by Webster's New Collegiate Dictionary as "liquid for drinking; drink." "Alcohol" is defined by the same authority as * * * "the intoxicating principle in fermented and distilled liquors." "Intoxicating" is defined by Funk and Wagnalls New Standard Dictionary 1927 as "producing intoxication or feeling like those of intoxication." "Intoxication" is then defined as "the act of making drunk, or the state of being drunk, inebriation; drunkenness." We believe and so hold that

such contention is without merit and that the use of the term "intoxicating beverages" was so synonymous with the term "alcoholic beverage" as to be clear enough to apprise the appellants of what they were enjoined from doing.

Art. 666–29, where it is material to the temporary injunction under consideration here, provides: "any room, building, boat, structure, or place of any kind where alcoholic beverages are * * * consumed in violation of this Act, * * * are declared to be a common nuisance."

Subdivision (c) (1) of Art. 666–4 provides:

"It shall be unlawful for any person to consume any alcoholic beverage in any public place, or for any person to possess any alcoholic beverage in any public place for the purpose of consuming the same in such public place, at any time on Sunday between the hours of 1:15 a.m. and 1:00 o'clock p. m., and on all other days at any time between the hours of 12:15 a.m. and 7:00 o'clock a.m."

Appellant Curry testified as follows:

"Q. What time do you operate this club, this Red Devil Club, Mr. Curry? A. I open at midnight and operate until three or four o'clock in the morning.

"Q. Three or four o'clock in the morning? You don't have any set time to close it down? A. Always by four o'clock.

"Q. Always by four o'clock? A. Yes, sir.

"Q. Alright, now, Mr. Curry, you encourage drunks to leave other clubs about midnight and come to your place, do you not? A. No, sir, not necessarily. I announce it on loud speaker.

"Q. Have you ever known of anyone to bring a bottle of whisky or a bottle of beer or a bottle of wine or intoxicants in that place to drink? A. Yes, sir.

"Q. Sir? A. Yes, sir.

"Q. On few or many occasions? A. I'd say many."

Wayne Hallman, a deputy sheriff of Lubbock County testified he had seen appellants at night clubs, including the Red Devil Club, that he had been called out there eight or nine or ten times because of disturbances and drunks, that his office had made many arrests out there for "drunk, fighting, disturbances" and that on many occasions when he went out there he had noticed people sitting in the place drinking.

Grady Harrist, sheriff of Lubbock County testified that for the past months Richard Tivis and Weldon Curry had been operating the Red Devil Club.

■ Appellants contend that the evidence was not sufficient upon which the court below could grant the temporary injunction. To this contention we cannot agree. A party to a lawsuit may plead several grounds for injunctive relief, each sufficient in itself to justify the issuance of a writ. He is entitled to the relief sought if he proves only one of the grounds. Bales v. Jones, Tex.Civ.App., 288 S.W.2d 266; Griffith v. Missouri, K. & T. Ry. Co. of Texas, Tex.Civ.App., 108 S.W. 756. The State proved the club was operated in such manner as to permit the consumption of alcoholic beverages, that it was operated by the defendants proceeded against, that it was operated unlawfully in purview of Art. 666, P.C. by permitting the consumption of such beverages between the hours of 12:15 a.m. and 7:00 a.m., and that the club was located about a mile past the city limits of Lubbock on the Clovis Highway in Lubbock County, Texas.

■ We hold the State proved enough of the essential elements to justify the court below in declaring the Red Devil Club a common nuisance and temporarily enjoining the parties from operating it in such manner

as to permit persons to drink, use and consume alcoholic beverages. On a permanent injunction the order should be more specific, particularly as to the location and as to parties. Such particularity as is required upon a permanent injunction is not necessary in a temporary injunction. Suburban Club, Inc., v. State, Tex.Civ.App., 222 S.W. 2d 321. It has even been held that in a prosecution for maintaining a liquor nuisance actual ownership of the premises was immaterial. Brown v. State, 150 Tex. Cr.R. 285, 201 S.W.2d 50. It has also been held that liability for maintaining a public nuisance is predicated on the wrongful act of creating or continuing the nuisance rather than the ownership or occupancy of the premises. Dodd v. State, Tex.Civ.App., 193 S.W.2d 569. We have not been cited nor have we found a case directly in point on the question of identification of the property involved. The Club having the unusual name of Red Devil Club and described in the record as located about a mile past the city limits of Lubbock on the Clovis Highway in Lubbock County, we believe was sufficient designation for description in a temporary injunction hearing in the absence of testimony that there was another such name of a business, club or institution in Lubbock County.

 The purpose of the issuance of a temporary injunction is to maintain the status quo in regard to matters in controversy until a final hearing can be had on the issues and not to determine the respective rights of the parties under the cause of action asserted or defenses urged. Dallas General Drivers, Warehousemen and Helpers Local Union No. 745 v. Oak Cliff Baking Co., Tex. Civ.App., 203 S.W.2d 586.

 The granting or refusing of a temporary injunction is within the sound discretion of the trial court, and its action will not be disturbed on appeal unless it clearly appears from the record that there has been an abuse of discretion. Suburban Club, Inc., v. State, Tex.Civ.App., 222 S.W. 2d 321; Dallas General Drivers, Ware-

housemen and Helpers Local Union No. 745 v. Oak Cliff Baking Co., Tex.Civ.App., 203 S.W.2d 586; International Ass'n of Machinists Union, Local No. 1488 v. Federated Ass'n of Accessory Workers, Tex. Civ.App., 109 S.W.2d 301; Harris County v. Bassett, Tex.Civ.App., 139 S.W.2d 180.

 Evidence must be considered in the light most favorable to appellee in determining whether trial court abused its discretion in issuing a temporary injunction. International Ass'n of Machinists Lodge 1488 v. Downtown Employees Ass'n, Tex. Civ.App., 204 S.W.2d 685.

The order of the court below in granting temporary injunction is reformed to enjoin the defendants only from operating the Red Devil Club in Lubbock County in such manner as to constitute a nuisance by the consumption of alcoholic beverages during the hours prohibited in Art. 666-4(c) (1), and as so reformed the order is affirmed.