W. W. CUMMINGS, Appellant,

v.

Leona BARTLETT et al., Appellees.

No. 6808.

Court of Civil Appeals of Texas.

Amarillo.

May 26, 1958.

Rehearing Denied June 23, 1958.

Witherspoon, Aikin, Thomas & Langley, Hereford, T. R. Odell, Lubbock, for appellant.

Cowsert & Bybee, Hereford, for appellees.

PITTS, Chief Justice.

This is an appeal from an order granting a temporary injunction in an action filed by appellees, Mrs. Leona Bartlett, a widow, and her son, N. D. Bartlett, Jr., against appellant, W. W. Cummings, involving the rightful occupancy of a farm. The record reveals that on August 10, 1956, the parties entered into a written rental contract whereby appellees rented an irrigation farm located in Deaf Smith County, Texas, to appellant for a period of three years beginning January 1, 1957. The contract provides in part that the tenant "occupy and use for agricultural and related purposes" the described section of land "containing 646 acres, more or less, together with all buildings and improvements thereon." The contract also contains the following provisions concerning the tenant:

"He will not assign this lease or sublet any part of the farm without the written consent of the landlord or rent additional land except No exception."

It is likewise therein mutually agreed between the parties that:

"Willful neglect, failure, or refusal by either party to carry out any major provision of this lease shall give the other party the benefits of any proceedings provided by law."

After appellant cultivated the said farm for the first year a controversy arose between them which resulted in the filing of a law suit by appellees against appellant in which appellees first alleged an action in the nature of trespass to try title in their first count and in the alternative they further alleged in effect that appellant, on or about December 10, 1957, had voluntarily moved away from the Bartlett farm and had abandoned the same and had not performed any farming operations thereon, except for 83 acres of wheat land he had sowed the previous fall, and that appellant sought thereafter, on or about March 18, 1958, to return to the said land, repossess all of it and farm it for the year 1958 after he had previously abandoned it, except for the 83 acres previously mentioned, and after appellees had contracted to rent the remaining portion of it for the year 1958 to another tenant. Appellees further alleged in effect that after appellant had moved away and abandoned appellees' farm, he rented another farm in Parmer County, Texas, for the year 1958 without consulting appellees and had moved to the same, notwithstanding the terms of their lease contract provided that the lessee (appellant herein) would not rent additional land without the written consent of his landlord (appellees herein), whose consent he did not have. For all of these reasons appellees sought in their verified pleading a temporary injunction prohibiting appellant and his agents, servants and employees from trespassing upon the remaining part of the said section of land or in any way interfering with appellees possession of the remainder thereof pending a disposition of the issues on the merits of the case as previously pleaded and as further hereinafter pleaded. In their second count, appellees further pleaded in effect that at the time they leased the said farm to appellant they sold, conveyed and delivered possession to appellant for his use in farming the said land one 1946 Ford truck, one 12-foot Baldwin combine, one Super-Six International tractor, one Tool bar with 4-row planter attachments, one Vegetable cultivator and ground tools, one Battery charger and one Electrical fence charger for a total consideration of $4229.84, payable in six semi-annual installments beginning July 15, 1957, evidenced by a chattle mortgage note for the said sum executed by appellant, bearing 6% interest and containing the usual attorney fee clause, and the acceleration clause, secured by a chattle mortgage on the said truck and machinery; that appellant paid the first installment due on July 15, 1957, but had defaulted in the payment of the second installment due on December 15, 1957, for which reasons appellees sought judgment upon a final hearing for the remainder of the note with interest and attorney fees included and for a fore-

closure of the chattle mortgage lien on the truck and machinery. Appellant answered in a verified pleading with a general denial and by joining issues with appellees particularly upon their alleged grounds for a temporary injunction.

The matter of a temporary injunction only was heard by the trial court without a jury on April 8, 1958, when a temporary injunction was by judgment of the trial court granted and issued giving appellees the temporary relief sought, upon the execution of a bond in the sum of $1,000 by appellees, pending a final hearing in the cause on the merits, from which judgment appellant perfected his appeal challenging the judgment of the trial court on several points presented and briefed jointly together. Upon an agreed motion of the parties presented here the case was advanced by us for submission and was submitted with oral argument of the parties heard on May 6, 1958.

At the request of appellant the trial court filed its findings of fact and conclusions of law, in a part of which it found, according to the evidence submitted, that "The issue of abandonment of the premises by the Defendant was joined by the Pleadings and evidence of the parties;" that "Defendant did in fact voluntarily abandon the premises and move away from the same and gave up possession of said land except the 83 acres of wheat, and rented a Half Section of land in Parmer County for a period of three years without the consent or knowledge of the Plaintiff, and that he moved onto the land in Parmer County." It further found that "The provision of the contract prohibiting renting of other lands without consent was and is a major provision of the contract and such contract provided that willful neglect, failure or refusal by either party to carry out any major provision of the lease should give the other party the benefit of any proceedings provided by law." It further found in effect that appellant admitted he had rented and moved on other lands in another county without the consent

of appellees; that after appellant abandoned the said farm land in question, appellees went into possession of the same, after which appellant re-entered the premises, took charge of them and sought to hold and cultivate all of the said farm for the year 1958; and that irreparable injury and damages would probably occur to the appellees if relief was not granted, which damages could not at that time be ascertained. By reason of such findings the trial court concluded in part that as a matter of law when appellant abandoned the farm land in question, the lease contract was then terminated and appellees as owners thereof were entitled to take possession of the same, and when appellant thereafter re-entered the premises and sought to repossess the same, he became a trespasser who had unlawfully retaken possession of the said farm land after he had previously abandoned it, for all of which reasons appellees were entitled to the relief sought thus maintaining status quo until the material issues on the merits can be heard.

The terms of the contract and the oral testimony of the parties themselves and other witnesses who were disinterested were before the trial court for its consideration. Some of the material issues were controverted. When the evidence is conflicting in a case such as this and there exists in the record evidence of sufficient probative force to support the findings and judgment of the trial court, then its judgment should not be disturbed on appeal. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97. To test the sufficiency of the evidence to determine if it has sufficient probative force to support the trial court's findings and judgment, we are required to disregard all adverse evidence and consider only the evidence and circumstances favorable to the trial court's findings and judgment, indulging every legitimate conclusion which tends to uphold such findings and judgment. Barrick v. Gillette, Tex.Civ.App., 187 S.W. 2d 683 and Boston Ins. Co. v. Rainwater, Tex.Civ.App., 197 S.W.2d 118 and other authorities cited by these cases.

Appellee, N. D. Bartlett, testified in effect that he, acting for himself and his mother, managed and looked after the farm land in question and that he leased the said land and premises to appellant, who went into possession thereof late in the fall of 1956 and occupied and farmed the same during the year 1957; that he sold and delivered to appellant the truck and farm machinery as pleaded by him and his mother; that during the month of December, 1957, appellant called the witness by telephone and, among other matters discussed, appellant said he was going to move away from the farm but inquired about working it if he should move away, when the witness (Bartlett) told appellant he was supposed to live on the farm and look after the premises while working it since the premises would "go to rack much quicker" if he did not live there while working it and that he likewise reminded appellant of the purchase of the machinery and his indebtedness to appellees on the same; that during the month of December, 1957, or the early part of January, 1958, the witness had visited the farm two or three times looking for appellant but found no one around the premises on either visit and that the farm equipment was gone except for one or two pieces; that there appeared to be some things in the house but he saw no evidence of any farming going on; that some of the F.H.A. men made a trip or two hunting for appellant but failed to find him; that he later learned that appellant had rented another farm in Parmer County, Texas, and had moved on it; that he did not give his permission to appellant to rent more land or move off of the farm in question; that because of the former telephone conversation he had with appellant and because appellant had rented another farm in another county and moved to it, taking practically all of the farm machinery and other things with him and because of reports he had heard about appellant's leaving the farm in question, he proceeded to rent the remainder of the said farm land to another tenant for the year 1958; that on or about March 18, 1958,

when the said latter tenant appeared on the farm to begin cultivation thereof, he found appellant had returned to the premises and asserted his intention to take charge of the same and hold it.

Appellant's witness, H. E. Owens, testified in effect on direct examination that he was a close neighbor to appellant when he resided on the farm land here involved and that he, on February 14, 1958, had helped appellant move his household goods from the premises of the said farm to the other farm appellant had rented for 1958; that he asked appellant about renting the Bartlett farm for himself for the year 1958 and "He told me that if I could rent it from Mr. Bartlett that if I would pay him for the plowing and wheat and stuff, why, he would sell out to me"; that he (the witness) thereafter saw Mr. Bartlett and told him that he had talked to appellant about renting the farm but Bartlett did not rent the farm to him and told the witness that he planned to work the farm himself. This testimony when construed favorably to the trial court's findings supports appellees' claims here made concerning appellant's intentions when he moved away.

Appellant himself testified that he rented the 320 acre farm in Parmer County, Texas, for 1958 without the permission of Bartlett and that he moved away from the Bartlett farm in question in February, 1958, without the permission of Bartlett.

█ It is our opinion, under the rules of law governing such, that the admissions made by appellant, together with the testimony given by appellee, N. D. Bartlett, corroborated in part by the testimony of appellant's witness, H. E. Owens, furnish sufficient evidence of probative force to support the trial court's findings of voluntary abandonment of the farm land in question by appellant and that by reason thereof appellees had repossessed the land until appellant re-entered the premises after abandonment and sought to again repossess the land.

In our opinion the trial court's conclusions are supported by the statutes as construed by our courts. Article 4642 Vernon's Annotated Civil Statutes, provides that judges of the trial courts may grant writs of injunction:

"Where the applicant is entitled to the relief demanded and such relief or any part thereof requires the restraint of some act prejudicial to him."

In the case of Southern Pine Lumber Co. v. Smith, Tex.Civ.App., 183 S.W.2d 471, 472, the court said in part:

"It is the established law in this state that 'if one is in possession of certain premises, and thereby capable of using and enjoying them, and another wrongfully attempts to invade this possession or to destroy the use and enjoyment of such premises, he may resort to a court of equity and secure an injunction restraining the wrongdoer, for there is available to him no plain and adequate remedy at law.' City Nat. Bank v. Folsom, Tex.Civ. App., 247 S.W. 591, 593; Kibbin v. McFaddin, Tex.Civ.App., 259 S.W. 232, error refused; 41 Tex.Jur., page 421, section 11."

This court cited the foregoing authority with approval in the case of Pendleton v. Crabtree, Tex.Civ.App., 214 S.W.2d 675, 677.

The granting of a temporary injunction is within the sound discretion of the trial court and is not reviewable upon appeal unless it clearly appears from the record that there has been an abuse of such discretion. Harris County v. Bassett, Tex. Civ.App., 139 S.W.2d 180, 183; International Ass'n of Machinists Lodge 1488 v. Downtown Employees Ass'n, Tex.Civ.App., 204 S.W.2d 685, 686; Dallas General Drivers, Warehousemen & Helpers Local Union No. 745 v. Oak Cliff Baking Co., Tex.Civ.App., 203 S.W.2d 586, 587. In our opinion the trial court did not, under the record before us and the authorities cited, abuse its discretion in granting the temporary injunction pending a hearing on the merits in the case at bar. Appellant's points to the contrary are all overruled and the judgment of the trial court is affirmed.