George F. PETERSON et al., Appellants,

v.

STATE of Texas, Appellee.

No. 6918.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 26, 1959.

Rehearing Denied Nov. 30, 1959.

Howard, Clifford, Blanchard & Moore, Lubbock, for appellants.

William J. Gillespie and George Gilkerson, Lubbock, for appellee.

NORTHCUTT, Justice.

This suit was instituted by the State of Texas, acting by and through the County Attorney and the District Attorney of Lubbock County, Texas, seeking an injunction against George F. Peterson, Thomas

Olon Hancock, J. T. Gibson, E. J. Young, Clifton Lee Sherley and the "Glassarama" under the provisions of Article 666–29 of Vernon's Ann.Penal Code of the State of Texas. A temporary restraining order was issued without notice against the appellants on the 17th day of January, 1959, restraining them from maintaining or assisting in the maintenance of a common nuisance as that term is defined by the Texas Liquor Control Act. On the 24th day of January, 1959, a temporary injunction was issued against the appellants herein. Thereafter, the appellants filed their motion to dissolve the temporary injunction which was overruled by the Court and hence this appeal.

Appellants present this appeal upon three assignments of error as follows:

"Point No. One.

"The temporary injunction entered by the Court against George F. Peterson and Thomas Olon Hancock and the premises known as the 'Glassarama' located at 312–314 North College Avenue, Lubbock, Texas, is not authorized under the pleadings and not supported by the evidence.

"Point No. Two.

"The temporary injunction fails to set forth the reasons for its issuance as required by Rule 683 of the Texas Rules of Civil Procedure.

"Point No. Three.

"The description of the premises enjoined is so vague, indefinite and ambiguous that the location of the property and application of the temporary injunction to it is incapable of determination."

■ The pleadings state that alcoholic beverages were sold, possessed, etc. as specified under Article 666–29 of Vernon's Ann.Texas Penal Code and same constituted a common nuisance. The State then introduced ample evidence to sustain the requirements of the statute constituting a common nuisance in that there was a great amount of evidence to the effect that liquor was sold, possessed and consumed in "Glassarama" in violation of Article 666–29. Without detailing the pleadings and evidence we are of the opinion that both are sufficient to establish a common nuisance. We overrule appellants' first assignment of error.

■ As to appellants' point of error contending the court erred in failing to set forth the reasons for issuing the temporary injunction as required by Rule 683 of the Texas Rules of Civil Procedure, we are aware of that necessity. We think probably there is a distinction between the terms "cause" and "reasons." If the "Glassarama," from the manner in which it was maintained, had become a nuisance it was caused by the fact that alcoholic beverages were sold, stored or consumed there. When the Court adjudged the "Glassarama" to be a common nuisance, we think that stated the reason the temporary injunction was granted. We overrule appellants' second point of error.

■ We are unable to agree with appellants' contention that the description of the premises enjoined is so indefinite and ambiguous that the location of the property and application of the temporary injunction to it is incapable of determination. From the testimony of the owner of the property the "Glassarama" is located at 314 North College Avenue, Lubbock, Texas, and there is no contention that there is any other place designated as "Glassarama" than the place here in question and we think it clearly shows that the place known as the "Glassarama" is the only place enjoined herein. Red Devil Club v. State of Texas, Tex.Civ.App., 307 S.W.2d 627. Appellants' third assignment of error is overruled.

Judgment of the trial court is affirmed.