# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00731-CR

**Stephen Allen Dwight, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 53,062, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Stephen Allen Dwight was charged with the felony offense of driving while intoxicated. *See* Tex. Pen. Code Ann. §§ 49.04(a) .09(b) (West 2003). Appellant pleaded guilty, and his written confession was admitted as evidence. The district court found appellant guilty and assessed punishment at nine years in prison. Raising two issues, appellant contends that (1) because erroneous allegations regarding a previous offense exist in the indictment, the indictment failed to properly charge two valid prior convictions and the district court was without jurisdiction to find appellant guilty of the felony offense of driving while intoxicated; and (2) the evidence was insufficient to show that appellant had twice been previously convicted of driving while intoxicated offenses. We will affirm the district court's judgment.

For the first time on appeal, appellant contends that the following portion of the indictment alleging a previous offense was erroneous:

[2] In Cause Number 679216 of the 351st Judicial District Court of Coryell County, Texas, on the 8th day of February, 1994, for the felony offense of Driving While Intoxicated, Subsequent Offense as charged in the information filed therein.

Appellant contends that because the 351st Judicial District Court is not located in Coryell County, but in Harris County, the indictment cannot support his conviction. Appellant relies upon *Adams v. State*, 301 S.W.2d 101 (Tex. Crim. App. 1957), a case rendered before the enactment of article 1.14(b) of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b) (West Supp. 2003). Appellant failed to present his objection to the district court and therefore has not preserved this complaint for appellate review. *Id.*; Tex. R. App. P. 33.1(a). Appellant's first issue is overruled.

Appellant also contends that insufficient evidence supports his conviction because it is impossible to prove that he was previously convicted of driving while intoxicated in the 351st District Court of Coryell County because the 351st District Court is located in Harris County. The relevant portion of appellant's written confession, which was admitted as evidence, states that he was convicted

[i]n Cause Number 679216 of the 351st Judicial District Court of ~~Coryell County~~, Texas, on the 8th day of February, 1994, for the felony offense of Driving While Intoxicated, Subsequent Offense as charged in the Information filed therein.

In *Fuller v. State*, the court noted that only a material variance between the indictment and the proof renders the judgment improper. 73 S.W.3d 250, 253 (Tex. Crim. App. 2002) (citing *Golihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001)). The materiality inquiry requires a determination of whether the variance deprived the defendant of notice of the charges or whether the

variance subjects the defendant to the risk of later being prosecuted for the same offense. *Id.* (citing *Golihar*, 46 S.W.3d at 257). We hold that here the county of the court that previously convicted appellant is not a statutory element nor a material allegation related to the offense with which appellant was charged. *See Fuller*, 73 S.W.3d at 252-53. Appellant's written confession proved that he was previously convicted in the 351st District Court of driving while intoxicated. Appellant's second issue is overruled.

The district court's judgment is affirmed.


_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: May 30, 2003

Do Not Publish

3