BEN S. DUFFIELD, ET AL., v. THE STATE.

No. 14845. Delivered October 21, 1931.

The opinion states the case.

*S. L. Gill,* of Raymondville, for appellants.

*R. F. Robinson,* County Attorney, of Raymondville, and *Lloyd W. Davidson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—This in an application by the county attorney of Willacy county and others for an injunction.

Hays Scisson was charged in the county court of Willacy county with embezzlement of the sum of $15, which offense is denounced as a misdemeanor and punishable by imprisonment in jail not exceeding two years or by a fine not exceeding $500, or by such imprisonment without a fine. See articles 1534 and 1422, C. P., 1925. Scisson made application for a change of venue, which was granted by the county court of Willacy county. The venue was changed to the county court of Hidalgo county. R. F. Robinson, the county attorney of Willacy county, has presented to this court an application for a writ of injunction and writ of prohibition, forbidding the county judge of Hidalgo county from entertaining jurisdiction of the cause upon the ground that the county judge

of Willacy county was without authority to grant the change of venue. Article 3, section 45, of the Constitution of Texas reads as follows:

"The power to change the venue in civil and criminal cases shall be vested in the courts, to be exercised in such manner as shall be provided by law; and the Legislature shall pass laws for that purpose."

The statute on the subject is article 560, C. C. P., which provides for the change of venue in felony cases and designates the procedure to be followed. See C. C. P., 1925, title 7, chap. 4, p. 85. The announcements of this court are to the effect that a change of venue is not available to the accused in a misdemeanor case.

The Honorable R. S. Dorsett, county judge of Willacy county, has presented a document opposing the action prayed for by reason of article 1, section 15, Const of Texas, providing that the right of trial by jury shall remain inviolate, and article 1, section 10, of the Constitution, providing that, "in all criminal cases the accused shall have a speedy public trial by an impartial jury,"—and one charged with a misdemeanor has the inherent right to a change of venue if he demands a trial by a jury, and it is made to appear that in the county where the prosecution is begun an impartial jury cannot be assembled or empaneled.

The fundamental matter suggested is of interest, but in the judgment of this court the subject-matter of the present controversy and the relief sought are not within the jurisdiction of this court. The jurisdiction of the Court of Criminal Appeals is set forth in article 5, section 5 of the Constitution in the following language:

"The Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases of whatever grade, with such exceptions and under such regulations as may be prescribed by law. The Court of Criminal Appeals and the judges thereof shall have the power to issue the writ of habeas corpus, and, under such regulations as may be prescribed by law, issue such writs as may be necessary to enforce its own jurisdiction. The Court of Criminal Appeals shall have power, upon affidavit or otherwise, to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction."

By chapter 38, Acts of 40th Leg., Reg. Session, the power of the Court of Criminal Appeals with reference to certain writs, is enlarged as follows:

"That in addition to the power and authority now vested in the Court of Criminal Appeals of the State of Texas, said court and each member thereof shall have and is hereby given power and authority to grant and issue and cause the issuance of writs of mandamus and certiorari, agreeable to the principles of law regarding said writs, whenever in the judgment of said court or any member thereof the same should be necessary to enforce the jurisdiction of said court."

It is to be observed that the power to issue the writs mentioned

in the statute is to enforce the jurisdiction of the court. The jurisdiction of the court can be invoked by appeal or by application for a writ of habeas corpus under certain circumstances, but no appeal lies in behalf of the state. In the present instance, Scisson, the accused, is seeking no relief of this court, and upon the facts before us, we are constrained to refuse the application sought.

*Application refused.*