## BOB PATTON v. THE STATE.

No. 16151. Delivered November 22, 1933.
Reported in 65 S. W. (2d) 308.

The opinion states the case.

*J. D. Thomas,* of Farwell, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Misdemeanor theft is the offense; penalty assessed at confinement in the county jail for thirty days and a fine of fifty dollars.

The testimony of C. C. Alexander is to the following effect: On March 12, 1933, he was at Muleshoe, Bailey county, Texas, about twenty-five miles from Farwell, on his way to Portales, New Mexico; that while walking on the highway, he accepted an invitation to ride in a Model "A" Ford Roadster, putting his raincoat and suitcase in the back end of the car. Upon reaching a point about five miles from Muleshoe, one of the men remarked that they would turn off the highway at the next railroad crossing, which was about 100 yards distant. One of the men got out of the car and stood on the running board. Alexander got out of the car, and the man got back in it, whereupon appellant and his companion drove off in a hurry, taking the suitcase and raincoat with them. Alexander later recovered his property.

In his brief the appellant complains of the refusal of the court to change the venue upon the request of the appellant. In support of his contention he cites article 1, sections 10 and 15, Const. of Texas; article 560, C. C. P.; Duffield et al. v. State, 43 S. W. (2d) 104; Indiana & Ohio Live Stock Insurance Co. v. Smith, 157 S. W., 755; Ayo v. Robertson, 207 S. W., 979; Vernon's Ann. Tex. Civ. Stat., vol. 5, pp. 187-192.

Article 560, C. C. P., is in substance a legislative declaration authorizing the judge presiding in a case of felony to change the venue. The right of one to demand and receive a change of venue in a misdemeanor case has been denied by the courts of the state. See Halsell v. State, 29 Texas App., 22; Johnson v. State, 31 Texas Crim. Rep., 456; Fox v. State, 53 Texas Crim. Rep., 150.

In article 3, section 45 of the Constitution it is declared: "The power to change the venue in civil and criminal cases shall be vested in the courts, to be exercised in such manner as shall be provided by law; and the Legislature shall pass laws for that purpose."

In Vernon's Tex. Const., Annotated, vol. 1, p. 227, note 1, there is found the following statement: "The codes of this state do not authorize change of venue in misdemeanor cases."

Many cases are cited under the note mentioned, including Halsell v. State, supra, and many others. It is said that the denial of a change of venue in a misdemeanor case is not violative of article 3, section 56, of the Constitution. See Mischer v. State, 41 Texas Crim. Rep., 212, and other cases in Vernon's Tex. Const., supra.

The case of Duffield et al. v. State, 43 S. W. (2d) 104, to which appellant refers as supporting his contention, cannot be regarded as a declaration by the court construing the constitutional provision mentioned. The declaration was nothing more. than a statement of the unwillingness of the court to discuss the question mentioned for the following reason: "The fundamental matter suggested is of interest, but in the judgment of this court the subject-matter of the present controversy and the relief sought are not within the jurisdiction of this court."

The contention that the conviction should fall in the absence of proof that the appellant carried the property from Bailey county into Parmer county is untenable. The court instructed the jury on the law of circumstantial evidence, and the verdict implies that the jury concluded that if the property was taken in Bailey county, it was carried by the appellant into Parmer county. It is thought that such finding of the jury is sufficiently supported by the evidence which was adduced upon the trial. Appellant lived in Parmer county, and the stolen property was found in that county. It had been hid about 100 yards from the home of Frank Patton, a brother of the appellant. It was shown by the testimony that if the property was taken in Bailey county, it was near the line between Parmer county and Bailey county. The appellant and his companion carried the property away after the owner was out of the automobile in which the property was situated and went in the direction of Parmer county. The circumstances are deemed sufficient to meet the measure of the law governing circumstantial evidence.

The judgment is affirmed.

*Affirmed.*