EX PARTE TULLY B. KILLAM.

No. 21798. Delivered April 8, 1942.
Rehearing Denied June 3, 1942.
Appealed to United States Supreme Court.
Mandate Ordered Recalled June 8, 1942.
Petition for Writ of Certiorari Denied by United States
Supreme Court October 19, 1942.
Order Recalling Mandate Set Aside and Clerk of Court of Criminal
Appeals Directed to Issue Mandate October 23, 1942.

The opinion states the case.

*Frank Steinle,* of Jourdanton, and *Hayden C. Covington,* of Brooklyn, N. Y., for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Complaint was filed in the corporation court of the City of Floresville charging that relator unlawfully peddled merchandise, to-wit: books and magazines within the corporate limits of the said city in violation of an ordinance of said city.

Upon a trial in the corporation court relator was convicted and fined ten dollars. He did not appeal to the county court, but sued out a writ of habeas corpus before the county judge seeking a discharge from the conviction in the city court. Upon a hearing the county judge remanded relator, and it is from this remanding order that relator appeals to this court.

In his application for the writ of habeas corpus relator makes no attack upon the constitutionality of the ordinance generally, but alleges that relator was not a peddler in contem-

plation of said ordinance, but that the evidence showed that he was a minister of the gospel, and "that such ordinance as *applied to him* is violative of the Constitutional right of your petitioner to worship the Almighty God according to the dictates of his own conscience," which is only another way of saying under the facts the conviction was not authorized.

This court has jurisdiction to review and determine whether a conviction has been had under a void city ordinance under a procedure here resorted to, but we have no authority under the provisions of Art. 53, C. C. P. and the precedents thereunder to review the action of the court which is claimed to have misapplied a valid law or ordinance under the facts of a case. See the opinion and authorities in No. 21,733, Ex parte Largent, this day decided. (Page 592 of this volume.)

The City of Floresville had authority to pass the ordinance under which relator was convicted. It operated on all persons alike and there is no ground for the criticism that it was in its terms discriminatory against relator. (Art. 1015, Vernon's Ann. R. C. S., 1925, Sec. 37; annotations notes 117 to 120, Volume 2, page 34.)

If the corporation court misapplied the ordinance under the facts in relator's case it is to be regretted, but the Legislature has withdrawn from this court the right to review the facts.

The same reasons which controlled our action in the Largent case (supra) impel us to order an affirmance of the judgment remanding relator.

GRAVES, Judge.

My views have been expressed in the Daisy Largent case, supra.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant files a motion for rehearing in this case, a small portion of which has any bearing on the question decided in the original opinion. He does say that the court erred in holding that it had no jurisdiction.

If counsel fails to understand the original opinion, we do not know how to make ourselves understood by him. If he does

understand it, his efforts to aid in a reconsideration have been fruitless. He attacks Art. 53, C. C. P. as being unconstitutional and void on the ground that it denies and deprives appellant of her right to the writ of habeas corpus contrary to the Constitution of the United States and of Texas. His argument on the subject would inevitably lead to the contention that the State of Texas has no authority to create a court which does not have appellate jurisdiction in every kind and character of criminal case. Such conclusion will not be reached. The conclusion which we have reached is that even though a wrong has been done, and even though the writ of habeas corpus is available to effect a release of relator, the Legislature has not provided for the appeal of such question, under the circumstances of the instant case, to this court. We have not said that appellant has no right to resort to the Federal Courts for relief on the Federal question because it is not within the province of this Court to discuss the jurisdiction of Federal courts. We go no further than to say that this Court does not have jurisdiction and the reasons are plainly set forth in the original opinion. We have not said and we do not now conclude that the court in which the original prosecution was instituted properly convicted appellant. It would be out of place for this Court to decide one way or another on a question not properly before it. So holding, every other question discussed in the original presentation and in the motion for rehearing will be passed without consideration.

The motion for rehearing is overruled.

·HAWKINS, Presiding Judge.

Upon the request of Attorney for appellant an order was entered on June 8th, 1942, directing the Clerk of the Court of Criminal Appeals to recall the mandate, in order that appellant might file an application for Writ of Certiorari to the Supreme Court of the United States.

Appellant's application for writ of Certiorari was denied October 19, 1942, as evidenced by "Order on Petition for Writ of Certiorari" issued by the Clerk of the Supreme Court of the United States and filed in the Office of the Clerk of this Court on October 23, 1942.

Therefore, it is directed by this Court that the order heretofore made on June 8th, 1942, recalling mandate be set aside

and the Clerk of the Court of Criminal Appeals of the State of Texas is hereby directed to issue mandate to have the judgment of this Court executed.