# NOVEMBER 20, 1946

## HENRY BURTON V. THE STATE.

No. 23408. Delivered October 23, 1946.
Rehearing Denied (Without Written Opinion)
November 20, 1946.

580

The opinion states the case.

*R. Temple Dickson,* of Sweetwater, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with violating the local option law in a dry area, and under a jury trial was fined $100.00.

He brings forward four bills of exception. First, he complains that the complaint and information charge no offense. They both appear to us to be in an often-approved form and properly charge the offense.

Again, in a further bill, complaint is made relative to a failure of the State to make out a case. To this we do not agree. It is clearly shown by proof that appellant sold one bottle of whisky to a Liquor Control Board Agent and received the money therefor in Mitchell County, and that same was a dry area.

Bill No. 3 complains because the trial court failed and refused to change the venue of this cause after a motion requesting such change had been offered and presented. Article 560,

C. C. P., providing for a change of venue in certain cases, states: "Whenever in any case of *felony* the judge presiding shall be satisfied that a trial, alike fair and impartial to the accused and to the State," etc. (Italics ours.)

It is observable therefrom that a change of venue was contemplated by the statute in felony cases only. See Duffield et al v. State, 118 Tex. Cr. R. 191, 43 S. W. (2d) 104; Patton v. State, 124 Tex. Cr. R. 656, 65 S. W. (2d) 308.

It is further contended that the Liquor Control Board Agent, who testified to purchasing the liquor, was an accomplice or accessory, and that the trial court should have charged the jury relative to the law governing such accomplices and accessories. The statute itself provides that a conviction can be had in a liquor law violation in a dry area on the testimony of an accomplice. See Art. 666-23a, Vernon's Ann. Tex. P. C.

We think the matters complained of evidence no error, and the judgment will therefore be affirmed.