CLAUDE PRIVITT V. THE STATE.

No. 23652. Delivered May 14, 1947.
Rehearing Denied (Without Written Opinion) June 18, 1947.

*John Davenport,* of Wichita Falls, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of selling intoxicating liquor in a dry area and his punishment was assessed at confinement in the county jail for a period of one year and a fine of One Thousand Dollars.

The complaint and information, in addition to charging the primary offense, charged two prior convictions for the purpose of enhancing the punishment.

There is not any statement of the facts accompanying the record. There is, however, what purports to be a statement of facts proven on the motion for a new trial. This is incorporated in the transcript in violation of Sec. 2 of Art. 760 as amended by the 42nd Legislature.

Appellant first complains of the action of the trial court in overruling his motion for a change in venue. No error is reflected by the bill because the law does not provide for a change of venue in misdemeanor cases. See Duffield v. State, 118 Tex. Cr. R. 191, 43 S. W. (2d) 104, Patton v. State, 124 Tex. Cr. R. 656, 65 S. W. (2d) 308.

The testimony heard on the motion for a new trial and which is incorporated in the transcript does not constitute a bill of exception and cannot be considered. However, if we could consider the same, it fails to show any misconduct on the part of the jury. Consequently, the court was justified in overruling the motion.

No error appearing from the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.