**STATE OF TEXAS,**

v.

**W. A. DORRIS.**

**STATE OF TEXAS,**

v.

**W. E. MAYFIELD.**

United States District Court
S. D. Texas,
Corpus Christi Division.
Sept. 20, 1958.

Gerald Weatherly, Laredo, Tex., for petitioning defendants.

ALLRED, District Judge.

Counsel for the named defendants have asked the clerk of this court to file a removal petition under 28 U.S.C.A. § 1446 so as to transfer the trial of two misdemeanor criminal cases originating in the Justice Court and appealed to the County Court of Brooks County. Counsel claims that these criminal cases can be removed under Section 1443 of Title 28, which authorizes removal of civil or criminal actions against any person who is denied, or cannot enforce, in the state courts a right under any law providing for equal civil rights.

Defendants were convicted in the justice court on a charge of hunting deer at night,[1] in violation of Article 887 of the Vernon's Ann.Penal Code of Texas. The minimum punishment for which is a fine of not less than $25 nor more than $100. They appealed to the County Court and allege here that the complaints were filed by an employee and representative of an organization of ranchers in the county who are aiding and abetting the prosecution; that defendants cannot secure a fair and impartial trial because these ranchers own about 34% of the land in the county, have many employees, and control the county judge and county attorney; that these ranchers have conspired to bring about the conviction of the defendants; that the county judge

---

1. " * * * between one-half hour after sunset and one-half hour before sunrise * * *."

will appoint jury commissioners who have selected and will continue to select prospective jurors who will probably convict defendants; that the jurors available to try the case at the present term are employees of, or closely associated with members of the association.

Defendants assert that, since Texas law does not provide for a change of venue in a misdemeanor case [2] and no appeal is allowed from the County Court to the Texas Court of Criminal Appeals in a case of this type [3] they are denied and cannot enforce their right under the Fourteenth Amendment to be not deprived of life, liberty or property *without due process of law* and not to be denied the *equal* protection of the laws.

When counsel for defendants tendered the so-called petition for removal for filing, the Clerk searched the rules and statutes and, being understandably puzzled, asked the Court for instructions. The Court directed that the actions not be docketed for the following reasons:

■ This is not the first time that counsel for defendants has attempted to remove misdemeanor cases to this court. In 1950 a number of alleged election law violation cases were pending in Starr County, Texas, against M. A. Guerra, Antonio Ramos, Jr. and Lauro Salinas. There it was contended that there was a conspiracy on the part of members of a new political party to persecute members of the old party and deprive them of their life, liberty and property without due process of law and deny them protection, in violation of the Fourteenth Amendment. The first proposition put forward here, that the State law does not authorize a change of venue in a

misdemeanor case, was also pressed in that case. This court remanded the Guerra cases [4] to the Starr County court, pointing out that change of venue in a misdemeanor case is not a *constitutional* right.[5]

In the Brownsville cases this court quoted from 2d Cyc.Fed.Proc. 398, pp. 283, 288 (now 2d Cyc.Fed.Proc. 3.82), reading in part as follows:

"§ 3.82—Denial by acts of Judges or officers.

"Denials of equal rights *resulting from the constitution or laws of a state* must be distinguished from those caused by the *acts of judicial or administrative officers*. The wrong in the one case is the direct and necessary result of the *state law*, of its necessary operation proprio vigore, while in the other it results from the *administration of the law*. In the former case, the action is *removable*, and in the latter *it is not* * * *.

"Since the denial of equal rights which will justify a *removal* must be the result of the *constitution or laws of the state*, there is no right of removal where the alleged discrimination against defendant, in respect of his equal rights, is due to *illegal or corrupt acts of administrative officers, unauthorized by the state constitution or laws*. It is incumbent upon the state court to see to it that the accused has a fair trial, and its failure so to do is remediable in the state courts or ultimately in the highest court of the nation. The *removal provision* under consideration does not contemplate a removal

---

2. 12 Tex.Jur. 453, sec. 161, Duffield v. State, 118 Tex.Cr.R. 191, 43 S.W.2d 104; Patton v. State, 124 Tex.Cr.R. 656, 65 S.W.2d 308; Privitt v. State, 150 Tex.Cr. R. 524, 202 S.W.2d 681; Adams v. State, Tex.Cr.App., 301 S.W.2d 101.

3. Art. 53, Vernon's Ann.Tex.Code of Cr. Proc., denies appellate jurisdiction to the Court of Criminal Appeals in any case appealed from an inferior court to the county court in which the fine imposed does not exceed $100.

4. Cr. Nos. 22,578, '579, '580, '581 and '582, Brownsville Division.

5. 12 Tex.Jur. 452, sec. 161, Barnes v. State, 36 Tex. 639; Cotton v. State, 32 Tex. 614; Patton v. State, footnote 2 supra. Since that time the following authority may be added: McIntyre v. State, 190 Ga. 872, 11 S.E.2d 5, 134 A.L.R. 813, certiorari denied 312 U.S. 695, 61 S.Ct. 732, 85 L.Ed. 1130.

where *neither the constitution nor laws of the state deny the litigant his civil rights,* but where there is a criminal misuse or violation of the state law by some subordinate officer which results in depriving the litigant of the rights which the state law accords to him. Alleged existence of race prejudice, interfering with a fair trial, is not ground for *removal, where the prejudice cannot be attributed to the state constitution or laws.* It is not cause for *removal* that jury commissioners or other subordinate officers have, without authority derived from the constitution or laws of the state, excluded colored citizens from juries because of their race, or excluded from the jury every person, however competent, who belonged to the same political party as the accused. * * " (Emphasis supplied.)

■ Com. of Kentucky v. Powers, 201 U.S. 1, 26 S.Ct. 387, 50 L.Ed. 633, is cited in a footnote as authority for most of the preceding quotation. It is the leading case on the right to remove civil rights cases. In that case the alleged willful and corrupt action was a hundredfold worse than the facts alleged here. There is no right of removal in such cases, the remedy being by certiorari to the United States Supreme Court as has been done in many cases where convictions were set aside because of the systematic exclusion of colored citizens from grand or petit jurors.

■ There remains then the single additional contention here that defendants, in the event they are convicted, will have no right of appeal to the Texas Court of Criminal Appeals. There is nothing unconstitutional about this. Due process does not mean that a state must provide for a trial by jury or right of appeal. 16A C.J.S. Constitutional Law, § 569(4), p. 579, citing, among other cases, Dohany v. Rogers, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904. As stated by the Supreme Court in Reetz v. Michigan, 188 U.S. 505, 23 S.Ct. 390, 392, 47 L.Ed. 563, many years ago:

"* * * Neither is the right of appeal essential to due process of law. In nearly every state are statutes giving, in criminal cases of a minor nature, a single trial, without any right of review. For nearly a century trials under the Federal practice for even the gravest offenses ended in the trial court, except in cases where two judges were present and certified a question of law to this court * * *."

■ A state is free to set up such appellate court procedure as it sees fit.[6] "There is a class of cases where the right of appeal ends with the County Court, however great the seeming hardship may be to the party interested. Among these cases may be classed criminal proceedings commenced before justices' courts, mayors and recorders of incorporated cities and towns, and taken to the County Court by appeal or otherwise." [7]

■ In cases appealed from the justice or corporation court to the County Court, where the fine assessed does not exceed $100 *the County Court is the court of appeals.* It is the Texas court of last resort in such cases. There is no reason why defendants, if they are convicted in the County Court, cannot petition for a writ of certiorari to the United States Supreme Court just as they could if their cases were affirmed by the Texas Court of Criminal Appeals, just as many colored defendants have been compelled to proceed when they contended that they had been denied due process and equal rights in the selection of grand or petit jurors.

Here there can be no denial of *equal* rights to defendants on either ground since *no one* can have a change of venue in a misdemeanor case; and *no one* can appeal to the Texas Court of Criminal Appeals in cases of this type. If de-

---

6. Ex parte Killam, 144 Tex.Cr.R. 606, 162 S.W.2d 426, 428.

7. Ex parte Boland, 11 Tex.App. 159.

fendants are unfairly convicted by selection of prejudiced jurors, at the hands of a prejudiced County Judge, they can make a record in that Court and petition the United States Supreme Court for a writ of certiorari.

This Court does not believe that defendants cannot secure a fair trial in Brooks County. Defendants do not even assert here that they are not guilty of hunting deer at night. But even if they did, there simply is no right of removal of justice or county court criminal cases to this court. "When the constitution and laws of a state, as interpreted by its highest judicial tribunal, do not stand in the way of the enforcement of rights secured equally to all citizens of the United States, the possibility that, during the trial of a particular case the state court may not respect and enforce the right to the equal protection of the laws constitutes no ground, under the statute, for removing the prosecution * * * in advance of trial." Gibson v. Mississippi, 162 U.S. 565, 16 S.Ct. 904, 907, 40 L.Ed. 1075, quoted with approval in Com. of Kentucky v. Powers, supra, and State of New Jersey v. Weinberger, D.C.N.J., 38 F.2d 298, 300.

This court stated in the Guerra, Ramos and Salinas cases:

"If cases like these can be removed, then the Federal courts will be swamped with petitions to take jurisdiction in police court cases and political controversies of every kind. It is a well-known fact that political factions exist in almost every county in Texas; that the 'ins' are kicked out periodically and that bitter feeling follows. Congress never intended for the United States Courts to be cluttered with cases growing out of such controversies * * *."

At that time the Court could not conceive of being asked to take over cases involving game law violations filed in "J.P." courts. It is difficult to envision a serious threat of "deprivation of life or property without due process of law" because alleged "headlighters" may have

to pay a small fine. The contention is frivolous. In any event there is a vast difference between the right to file an original action for damages or other relief under the civil rights statute (28 U.S.C.A. § 1343) and the right to *remove* a criminal case from a state court under section 1443. No such right exists here.

The Clerk is directed not to file the so-called petitions for removal. If counsel really feels he has the right to remove, he may petition for mandamus in the Court of Appeals, whereas if this Court authorizes the Clerk to docket and then remands, defendant would have no right of appeal from the order of remand. 28 U.S.C.A. § 1447(d).

The Clerk will notify counsel and also furnish a copy of this memorandum to the County Judge and County Attorney of Brooks County, at Falfurrias, Texas.