## CHESTER ROOT V. STATE

No. 31,479. March 2, 1960
Motion for Rehearing Overruled April 20, 1960

DAVIDSON, Judge, concurred.

MORRISON, Presiding Judge, dissented.

*Ben Hagman,* Weatherford, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge

The offense is aggravated assault by an adult male upon a female; the punishment, one year in jail.

The evidence viewed from the appellant's standpoint is thus stated in his brief:

"On the 16th day of June, 1959, the prosecuting witness, Ethelyn Baker, accompanied by another woman, Hattie Rice, came upon the premises at Possum Kingdom Lake, known as Costello Point on which the defendant had a trailer house and has resided there for some ten years or more, and had been in charge of same for the past three years; defendant testified that the women had been drinking and were disorderly, and had thrown some tires belonging to the defendant into the Lake and had been requested by him to leave; that Hattie Rice had threatened to enter his automobile and tear same up, and Appellant walked to his trailer house and armed himself with a pistol and upon coming outside the said Hattie Rice picked up a beer bottle and was slipping up behind him while Ethelyn Baker was talking over the outside phone. Appellant pulled his weapon and ordered Hattie Rice to stop and asked Ethelyn Baker to let him use the phone. When Appellant called Phil Green, Mrs. Baker went around the phone booth and came up to the rear of defendant and grabbed the gun which was in his right hand hanging by his side and in the scuffle for the gun, it was discharged, shooting Mrs. Rice through the fleshy part of her upper right arm; defendant immediately phoned the sheriff and the county attorney, and the Lake Custodian and reported the incident."

The prosecuting witness and Hattie Rice gave a somewhat different version of the incident. Their version need not be stated in detail.

There is no contention that appellant intentionally shot Mrs. Baker. It was her testimony that appellant was pointing his pistol first at Hattie Rice and then at her, and when he approached her she grabbed his hand in which he had the pistol; that appellant jerked away and hit her over the head twice and as she turned away "he continued running behind me and hitting me over the head with his gun."

The evidence shows that appellant was an adult male and that Ethelyn Baker was a female.

The assault by striking her over the head with a pistol shown by the testimony of Ethelyn Baker, corroborated by that of Hattie Rice, sustained the allegation of the indictment and the verdict of the jury.

Appellant's first ground for reversal is predicated upon the overruling of his motion for change of venue.

This being a misdemeanor case, Art. 562 C.C.P. providing for change of venue upon application of the defendant has no application. Colbert v. State, No. 31,363 (page 68 this volume) 331 S.W. 2d 328, Duffield v. State, 118 Tex. Cr. R. 191, 43 S.W. 2d 104; Burton v. State, 149 Tex. Cr. R. 579, 197 S.W. 2d 346; Privitt v. State, 150 Tex. Cr. R. 524, 202 S.W. 2d 681.

The fact that prior to the return of the indictment appellant had been charged with assault with intent to murder, a felony, does not change the rule. The trial in the county court was upon indictment charging aggravated assault, a misdemeanor.

The next contention is that the state should not have been permitted to prove the nature and extent of the wounds inflicted upon the prosecuting witness, there being no aggravation alleged other than that the assault was made by an adult male upon a female. We do not agree.

The injuries inflicted were a part of the transaction and were admissible as res gestae. See Boyle v. State 158 Tex. Cr. R. 468, 256 S.W. 2d 574.

Several points of error are presented which relate to the cross-examination of witnesses who testified to the good reputation of appellant as a law-abiding citizen.

The questions propounded on cross-examination inquired as to whether or not the witness had heard reports of appellant having made an assault upon other named individuals.

The examination of the character witnesses in the manner mentioned has been held permissible. Villarriel v. State, 163 Tex. Cr. R. 654, 295 S.W. 2d 222; Perry v. State, 164 Tex. Cr. R. 122, 297 S.W. 2d 187.

That the questions were propounded in good faith is demonstrated by the fact that witnesses were called by the state who testified that appellant's reputation for being peaceful and law-abiding was bad.

The undisputed evidence establishing that appellant was an adult male and the assaulted party a female, the trial court properly declined to give the requested charge on simple assault.

In rebuttal the state called Hattie Rice, who had been placed under the rule with other witnesses. Counsel for appellant objected to her being permitted to testify and was permitted to examine her in support of his objection. She testified upon such examination that she was not in the courtroom and did not hear the testimony of Ethelyn Baker, but that she talked to Sam Cleveland (the district attorney who was assisting the county attorney in the prosecution). "Q. And he told you about what Mrs. Baker testified too, didn't he? A. Well, Yes sir. "Q. Was there an officer present at that time? A. Yes, but I don't know his name. "Q. And where was that? Was that in this room here or in the Judge's office? A. It was in the judge's office."

It does not appear to the writer that the rule was shown to have been violated by either the witness or the prosecuting attorney. William v. State, 35 Texas 355.

Ordinarily, "witnesses upon their retirement from the courtroom under the rule, are properly instructed not to discuss the facts of the case with any person *other than the attorneys*." 42 Tex. Jur. p. 63, Trial Criminal Cases, Sec. 43.

If the trial judge placed the witnesses in charge of an officer or instructed them not to discuss the facts with the attorney this record does not so show.

Assuming that the witness Hattie Rice violated the rule when the district attorney "discussed Mrs. Baker's testimony with her," or assuming that the trial court would have been warranted in not permitting her to testify because the district attorney violated the rule, the trial judge exercised his discretion in the matter and permitted the witness to testify, and the presumption is that such discretion was properly exercised.

No abuse of discretion is shown, hence no reversible error.

It is contended that the jury panel from which the jury was drawn was illegal and void. This contention is predicated upon the time the jury commission was appointed; when the jury list was opened; how and when the jurors were notified; and where the jury commissioners resided in the county.

These complaints were raised for the first time after the jury had returned its verdict and came too late. Cockrell v. State, 135 Tex. Cr. R. 218, 117 S.W. 2d 1105; Campbell v. State, 122 Tex. Cr. R. 494, 56 S.W. 2d 460

The remaining claims of error have been considered and are overruled.

The judgment is affirmed.

DAVIDSON, Judge (concurring)

Art. 644, C.C.P., says, in effect, that witnesses who are placed under the rule are to be "removed out of the court room to some place where they cannot hear the testimony as delivered by any other witness in the cause."

To fortify that provision the legislature provided in Art. 646, C.C.P., as follows:

". . . .but in no case where the witnesses are under rule shall they be allowed to hear any testimony in the case."

In connection therewith, Art. 647, C.C.P., provides that witnesses under the rule shall be instructed "not to converse with each other or with any other person about the case, except by permission of the court * * * ."

In the instant case the rule touching communications with witnesses under the rule was violated, because it was admitted that the prosecuting attorney talked with the witness Hattie Rice, who had been placed under the rule, and in that conversation he had told her "about what Mrs. Baker testified too", that this conversation took place in the "Judge's office" in the presence of an officer whose name was not stated; and that the morning after the above incident the prosecuting attorney again talked with the witness about her testimony. What was said in that latter conversation was not stated. It was not shown that it took place in the presence of an officer or by permission of the court.

In reply to appellant's objection to the testimony of the witness Rice because the rule had been violated, the prosecuting attorney made it clear to the court that it was his position that he not only had the right but it was his duty to discuss with witnesses their testimony before putting them on the witness stand, and in connection with that contention counsel stated as follows:

"We don't deny talking with the witness and all the rest of the witnesses that we will have up here. We will discuss with them their testimony and phases of the case before we put them on, and we have a legitimate right to * * * ."

There is no escape from the conclusion that it was the viewpoint of state's counsel that the rule against witnesses discussing their testimony while under the rule did not apply to state's counsel when discussing with witnesses their testimony, including advising and telling them what other witnesses had testified from the witness stand out of their presence and hearing.

To the correctness of that assertion I do not and can not agree, because to so hold would not only destroy the rule but also the reason for the rule which prevents witnesses from knowing what other witnesses had testified in the case. The rule no longer exists if counsel for the state—or the accused, for that matter—can tell and advise a witness who had been placed under the rule what another witness had testified in the case. If counsel can tell the witness what other witnesses have testified, such witness might just as well sit in the courtroom and hear the testimony first hand.

I agree with counsel for the state that he has the right and that it is his duty to discuss with witnesses their testimony before putting them on the witness stand. I call attention, however, to the fact that if such discussion with the witnesses is to be had after they have been placed under the rule Art. 647, C.C.P., furnishes the procedure to be followed—that is, to first obtain "the permission of the court" to do so. Unless such permission is obtained, it is apparent that not only the spirit but the letter of the law having for its purpose the keeping of witnesses from knowing what other witnesses have testified has been violated.

The reason for recording my views upon this question is that if I did not do so I would be cast in the position of agreeing that state's counsel is exempt from obedience to and compliance with the law governing communications to or with witnesses under the rule.

I agree that the rule has been here violated. I am unable, however, to agree that the testimony of the witness Rice was of such nature and consequence as to require a reversal of the conviction.

For that reason I agree to the affirmance of the conviction.

MORRISON, Presiding Judge (dissenting).

Three persons were present when the alleged assault took place. They were Ethelyn Baker, the injured party, her companion Hattie Rice, and appellant, who was a stranger to the two

women. On August 3, the state made out its case in chief, through Mrs. Baker and other witnesses who were not witnesses to the affray, and appellant testified in his own behalf and rested his case. On August 4, the state called rebuttal witnesses, including Hattie Rice. On voir dire examination of the witness, appellant was able to establish without question that the witness had been placed under the rule on the day preceding and, after the hearing of testimony had concluded, Miss Rice had talked to the district attorney, at which time *he told her what Mrs. Baker had testified to that day.* The witness Rice's testimony corroborated that of the witness Baker and was contrary to that of appellant.

In Wilson v. State, 158 Tex. Cr. Rep. 334, 255 S.W. 2d 520, we held that the trial court abused his discretion in permitting a witness, where the rule had been invoked, to remain in the courtroom and hear the testimony of a witness for the state, that of the accused, and then take the stand and testify to facts corroborating the state witness and contradicting the appellant. I perceive no distinction between hearing the witness testify and being told by the district attorney what the witness's testimony had been.

I respectfully dissent.