**Alexander MASON, Petitioner,**

v.

**Brady PAMPLIN, Sheriff of Falls County, et al.**

**Civ. A. No. 3398.**

United States District Court
W. D. Texas,
San Antonio Division.

Aug. 10, 1964.

Robert L. Penrice, Waco, Tex., for petitioner.

Waggoner Carr, Atty. Gen. of Texas, Howard M. Fender, Gilbert J. Pena, Asst. Attys. Gen., Austin, Tex., Thomas B. Bartlett, Jr., County Atty., Marlin, Tex., for respondents.

SPEARS, Chief Judge.

Petitioner, Alexander Mason, a person in State custody on a misdemeanor conviction, having exhausted his remedies in State Court,[1] filed in this Court his petition for writ of habeas corpus, alleging that he was being held in violation of his rights under the due process clause of the Fourteenth Amendment to the Constitution of the United States, in that he was denied a hearing in the trial court on his motion for change of venue.

On August 12, 1963, the petitioner, a Negro minister, was charged by information in the County Court of Falls County, Texas, with aggravated assault upon a peace officer, a misdemeanor. The alleged incident took place while petitioner was in jail on charges apparently growing out of his refusal to leave a cafe in Marlin, Texas, which catered to white customers only. Testimony of witnesses for the State was to the effect that petitioner struck a Deputy Sheriff on the nose, bloodying it, and knocked his glasses to the floor.

The aggravated assault case came to trial on August 23, 1963. Before announcing ready, petitioner presented his motion for change of venue, stating under oath that "there exists so great a prejudice against him and his case until he cannot obtain a fair and impartial trial of this cause in said Falls County".

In its answer the State excepted to said motion on the ground that "there is no provision in the Code of Criminal Procedure for change of venue in misdemeanor cases."[2] For this reason, pe-

---

1. See: Fay v. Noia, 372 U.S. 391, 435, 83 S.Ct. 822, 847, 9 L.Ed.2d 837 (1963).

2. The Texas Code of Criminal Procedure (Vernon 1954) provides for change of venue in *felony* cases by the judge on his own motion (Article 560), or on request by the State (Article 561). Article 562 authorizes change of venue on application of the defendant if a showing is made, generally, that a fair and impartial jury cannot be obtained, or that a

titioner was not accorded a hearing on the motion, and it was promptly overruled, as was his subsequent request that the jurors be examined individually.

After a trial, which was concluded the same day, petitioner was found guilty by a jury which assessed his punishment at a fine of $1,000 and two years in the county jail, the maximum allowed by law.[3] Judgment on the jury verdict was entered on August 26, 1963.

A motion for new trial was timely filed, in which petitioner urged through his counsel, among other things, that when his motion for change of venue was submitted he had witnesses present who would have testified that the racial tension in Falls County was so high at the time that it would have been impossible for petitioner to select a fair and impartial jury in that county; that the incident involving petitioner's refusal to leave the all-white restaurant was the first and only racial demonstration in the county; that the case had tremendous racial overtones; that some of the leading people of the community had labeled petitioner as the leader of the racial movement in that area; that on one occasion the petitioner was publicly displayed before the County Commissioners Court; that members of the white race had called and warned them to discontinue their relations with the petitioner; and that in their opinion pressure would have been brought upon anyone

manifesting any outward interest in civil rights, and any such activities would have been very distasteful to the people in that community.

The record reflects that the prospective jurors, who apparently qualified as a group, stated that they did not know petitioner; that they had not formed any opinions in the case; and that they had no prejudices against the Negro race, or against a Negro acting as counsel for petitioner. No testimony on this question, other than the sworn statement of petitioner's counsel, was offered at the hearing on the motion for new trial.

The Court overruled the motion for new trial on August 27, 1963, after which an appeal was taken to the Court of Criminal Appeals of Texas. That Court affirmed the judgment of the trial court on March 4, 1964, holding, in part, that: "(I)t has been the consistent holding of this Court that our statutes, which do not provide for a change of venue in misdemeanor cases, are not unconstitutional".[4] Although the Court acknowledged petitioner's contention that his rights under the due process clause of the Federal Constitution had been violated, the clause was not further mentioned in the opinion, and in none of the cases constituting the "consistent holding" of that Court has that provision of the Fourteenth Amendment been considered in passing upon the constitutionality of the venue statutes.[5] Nevertheless, the

---

dangerous combination exists against him instigated by influential persons, by reason of which he cannot expect a fair trial. Article 563 provides that a change of venue may be granted when an unsuccessful effort has been made to procure a jury for the trial of a felony or of a *misdemeanor* in any county having a population of less than 2,500.

3. On the appeal of this case, the Court of Criminal Appeals of Texas noted that: "(W)hile a reduction of the punishment would seem to be appropriate, this Court is without authority to reduce it or to set aside the conviction upon the theory that the punishment is excessive". The Court then added that: "(A)uthority to grant pardons, reprieves and commutations of punishment is vested by the Constitution

in the Governor upon recommendation of the Board of Pardons and Paroles". Mason v. State, Tex.Cr.App., 375 S.W.2d 916, 919.

4. Mason v. State, Tex.Cr.App., 375 S.W. 2d 916, 918.

5. In Patton v. State, 124 Tex.Cr.R. 656, 65 S.W.2d 308 (1933), cited in support of the holding, the Court referred only to sections 45 and 56 of Article 3 of the Texas Constitution, Vernon's Ann.St., authorizing a change of venue. See also: Mischer v. State, 41 Tex.Cr.R. 212, 53 S.W. 627 (1899).
For other cases holding that Texas law does not provide for change of venue in a misdemeanor case, see: Halsell v. State, 29 Tex.App. 22, 18 S.W. 418 (1890); Henderson v. State, Tex.Cr.App., 39 S.W.

Court overruled a motion for rehearing, and issued its mandate on March 20, 1964.

At a preliminary hearing before this Court on April 2, 1964, the mandate of the Court of Criminal Appeals was stayed without objection from the respondents, and petitioner was released on bond pending final judgment herein.

It is agreed by counsel that the Statutes of Texas provide for change of venue in felony cases, but that, as construed by the highest Court in the State on criminal matters, they do not authorize change of venue in misdemeanor cases, except in counties having a population of less than 2,500. Falls County has a population in excess of 2,500.

Simply stated, the problem presented is whether change of venue is a constitutional right or a mere privilege. If the right of an accused to a change of venue, when he demands a jury trial to which he is entitled under the State Constitution, and it appears that he cannot obtain a fair and impartial trial in the county where the prosecution is pending, is guaranteed by the due process clause of the Fourteenth Amendment, then he cannot be deprived of this right, whether he is charged with a misdemeanor or a felony. On the other hand, if change of venue is only a privilege which is left to the will of the legislature, one charged with a misdemeanor cannot be heard to complain that his right to due process of law is violated when the privilege has been withheld from him.

After careful consideration I find that I cannot agree with the able and learned judges of the Court of Criminal Appeals, insofar as they may have held, by implication at least, that the statutes which do not provide for a change of venue in misdemeanor cases, are not in violation of the due process clause.

Section 1 of the Fourteenth Amendment provides: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any citizen of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The Constitution of Texas provides, in part, that: "(I)n all criminal prosecutions the accused shall have a speedy public trial by an impartial jury," Article 1, Section 10, and that "(T)he right of trial by jury shall remain inviolate." Article 1, Section 15.

Similar provisions are contained in the Sixth Amendment to the Constitution of the United States.

The trial of petitioner on the charge of aggravated assault on a peace officer was a criminal prosecution, and the constitutional guarantee of a fair and impartial trial includes *all* criminal prosecutions. One who is serving two years in either the county jail or the state penitentiary, and has been fined $1,000, is being deprived of his liberty and property, whether he has been convicted as a misdemeanant or a felon.

Whatever doubt may have existed prior to 1960 with respect to the inherent right of an individual to a change of venue if he demands a jury trial, and it is made

116 (1897); Fox v. State, 53 Tex.Cr.R. 150, 109 S.W. 370 (1908); Burton v. State, 149 Tex.Cr.R. 579, 197 S.W.2d 346 (1946); Privitt v. State, 150 Tex.Cr.R. 524, 202 S.W.2d 681 (1947); and Adams v. State, 164 Tex.Cr.R. 549, 301 S.W.2d 101 (1957).

In Duffield v. State, 118 Tex.Cr.R. 191, 43 S.W.2d 104 (1931), where the State sought injunctive relief, the Court refused to consider whether one charged with a misdemeanor has the inherent right to a change of venue if he demands a jury trial, and undue prejudice is shown to exist against him, saying: "The fundamental matter suggested is of interest, but in the judgment of this court the subject-matter of the present controversy and the relief sought are not within the jurisdiction of this court." 43 S.W.2d 104, 105.

See also: Cotton v. State, 32 Tex. 614, 637 (1870) decided by the Supreme Court of Texas, where it was observed, in the light of the Texas Constitution only, that change of venue was a mere legal right as opposed to a constitutional right.

to appear that in the county where the prosecution is begun an impartial jury cannot be impaneled, was dispelled by the Supreme Court in Irvin v. Dowd, 366 U.S. 717, 721, 81 S.Ct. 1639, 1641, 1642, 6 L.Ed.2d 751 (1960), when it recognized the proposition that a transfer may become a *necessity,* depending upon "the totality of the surrounding facts".[6] Such "totality" cannot be achieved if the court is precluded by law from hearing any competent evidence which may be offered before, during or after trial for the purpose of showing one's inability to obtain a fair and impartial trial in a particular county. If a transfer is to be considered *necessary,* after a proper showing has been made, it follows that the right to a change of venue under those circumstances is of the essence of the Constitutional guarantee of trial by a fair and impartial jury, and not just a privilege to be granted or not as the State may see fit. To deprive one of the vested right to show a totality of the facts, therefore, is to deprive him of his Constitutional guarantee.

A change of venue is, of course, within the sound discretion of the trial judge, but in order to properly exercise his discretion he must have all the facts. The Court of Criminal Appeals has said that it will reverse a refusal to change venue only where a showing has been made that prejudice against an accused found its way into the jury box at his trial.[7] It is axiomatic, however, that this presupposes a case in which change of venue is allowable and full opportunity to make a showing of prejudice has been afforded the accused. But if the right to make a total showing and obtain a change of venue before being put to trial (provided the showing is strong enough) is to be reserved exclusively to one charged with a felony, the person charged with a misdemeanor will be severely handicapped in making the kind of showing required by the Court, if he is not entirely precluded from doing so.

The hearing on the change of venue is the first and most important step in ascertaining whether or not the accused can receive a fair and impartial trial in the county in which the prosecution is pending. The void which is left when the initial hearing is dispensed with could hardly be filled in a misdemeanor case, any more than it could in a felony case, by the subsequent voir dire examination of prospective jurors in a group, or by producing at a hearing on a motion for new trial testimony the Court has previously refused to hear. Besides, if no change of venue is available, regardless of the nature of the evidence submitted, no useful purpose could be served by repeating the trial in a county where prejudice against an accused has been shown to exist.

█ It cannot be said now what action the trial judge may have taken had he felt free to hear the evidence offered by petitioner. The fact remains that he did not conduct a hearing on petitioner's motion for change of venue solely because the laws of the State do not provide for

---

6. The Court pointed out that every state has "constitutionally provided trial by jury", which "guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors", and that the failure to accord an accused a fair hearing "violates even the minimal standards of due process." 366 U.S. 717, 722, 81 S. Ct. 1639, 1642.

Respondents rely upon State v. Dorris, 165 F.Supp. 738 (S.D.Tex.1958) where the defendants charged with a misdemeanor in County Court, sought to have their cases transferred to Federal Court on the ground that since Texas law does not provide for change of venue in a misdemeanor case, they were being denied their rights under the Fourteenth Amendment. While the situation there was somewhat different than here, the late beloved and respected Judge Allred did, in the course of his opinion, comment that change of venue in a misdemeanor case is not a constitutional right. However, in any event, that case was decided two years prior to the Supreme Court case of Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639.

7. Mason v. State, Tex.Cr.App., 375 S.W. 2d 916, 918.

a transfer in misdemeanor cases. To this extent, therefore, petitioner's right to due process of law under the Fourteenth Amendment has been violated. He was entitled to the opportunity before being put to trial to prove if he could to the satisfaction of the Court that prejudice against him in Falls County was of such a nature that he could not obtain a fair and impartial trial. If the allegations made by him had been found to be true, he would have been entitled to a change of venue, irrespective of the fact that the jurors themselves as a group indicated that they had no prejudices. As the Supreme Court said in Dowd, "No doubt each juror was sincere when he said that he would be fair and impartial to petitioner, but the psychological impact requiring such ·a declaration before one's fellows is often its father." 366 U.S. 717, 728, 81 S.Ct. 1639, 1645.

The failure of the Legislature to provide for a change of venue in misdemeanor cases, when it appears to the satisfaction of the Court that a fair and impartial trial cannot be had in the county where a criminal prosecution is pending, is in violation of the due process clause of the Constitution of the United States. This being true, it becomes the duty of the judiciary, which has the responsibility to protect and preserve the Constitutional rights of an individual, to provide for a change of venue in any misdemeanor case where the totality of the surrounding facts necessitates a transfer, even though to do so will contravene the statutes.[8] In order to implement this, it is the trial court's duty to hear any proper and competent evidence offered in support of or in opposition to a motion for change of venue.

In view of the foregoing, the judgment of conviction, and the punishment assessed by the jury, are set aside.

The State of Texas is entitled to a reasonable time within which to take petitioner before the court where judgment was rendered for the purpose of correcting the defects which otherwise would make discharge necessary. If petitioner is retried in a manner not inconsistent with this opinion within ninety days after the judgment of this Court becomes. final, or any extension of such time, the petition for writ of habeas corpus will be dismissed. If he is not retried as herein contemplated within the period of time indicated, or any extension thereof, the writ of habeas corpus will be granted.

Pending a retrial or the granting of the writ, as the case may be, petitioner shall remain at large on the bond previously set.

---

8. See: Irvin v. Dowd, 366 U.S. 717, 721, 81 S.Ct. 1639, 1641. See also: State ex rel. Ricco v. Biggs, 198 Or. 413, 255 P.2d 1055, 38 A.L.R.2d 720 (1953).